IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

_____

No. 97-20566
Summary Calendar
_____

JAMES WILLARD COLLINS, JR.; DAVID ROY,

                                        Plaintiffs,

JAMES WILLARD COLLINS, JR.,

                                        Plaintiff-Appellant,

versus

JERRY EDWARD LEEVES; GARY JOHNSON;
SAMUEL YOUNG; LISA BRIM; RANDALL LEE HEALY,

                                        Defendants-Appellees.

- - - - - - - - - - -
Appeal from the United States District Court
for the Southern District of Texas
USDC No. H-96-CV-897
- - - - - - - - - - -
May 15, 1998
Before KING, HIGGINBOTHAM and DAVIS, Circuit Judges.

PER CURIAM:*

    James Willard Collins, Jr., Texas inmate # 631847, appeals

the district court's dismissal as frivolous, pursuant to 28

U.S.C. § 1915(e)(2)(B)(i), of his pro se, in forma pauperis

(IFP), civil rights lawsuit, 42 U.S.C. § 1983.  We review the

_____

    * Pursuant to 5TH CIR. R. 47.5, the court has determined
that this opinion should not be published and is not precedent
except under the limited circumstances set forth in 5TH CIR.
R. 47.5.4.

dismissal for an abuse of discretion. Siglar v. Hightower, 112 F.3d 191, 193 (5th Cir. 1997).

Collins contends that the defendants denied him a necessary hernia surgery. Collins' assertion amounts to a disagreement with the medical treatment provided, or, at most, negligence, which is not actionable under § 1983. Varnado v. Lynaugh, 920 F.2d 320, 321 (5th Cir. 1991). Collins has abandoned his claims asserted in the district court that he was denied adequate medical treatment for back, ulcer, and eye problems by failing to support his assertions with factual and legal support. See Al-Ra'id v. Ingle, 69 F.3d 28, 33 (5th Cir. 1995). Collins has not shown plain error with respect to his assertions, raised for the first time, that he is being denied adequate medical treatment for a neck injury, arthritis, a skin disorder, hemorrhoids, and a prostate problem. See Douglass v. United Servs. Auto. Ass'n, 79 F.3d 1415, 1428 (5th Cir. 1996)(en banc).

Collins has not shown that the district court abused its discretion by dismissing his claim that the defendants subjected him to cruel and unusual treatment by having him perform work that was inappropriate to his medical conditions. See Jackson v. Cain, 864 F.2d 1235, 1246 (5th Cir. 1989).

Collins has not shown plain error with respect to his claims, raised for the first time, that the defendants have retaliated against him; have altered, fabricated, and destroyed

medical records; and have prevented him from photocopying necessary records.  Douglass, 79 F.3d at 1428.

Collins' motions for a restraining order, production of hearing transcript, production of photocopies, production of medical credentials, and reassignment to the Walls Unit are DENIED.  Collins' motion for production of the docket sheet and to correct the relief requested in his motion for production of credentials is GRANTED, provided that Collins pays the fee for the docket sheet.

Collins' appeal is without arguable merit and thus frivolous.  See Howard v. King, 707 F.2d 215, 219-20 (5th Cir. 1983).   The district court did not abuse its discretion in dismissing Collins' § 1983 complaint as frivolous.  Siglar, 112 F.3d at 193.  Because the appeal is frivolous, it is DISMISSED.  See 5TH CIR. R. 42.2.

Collins is cautioned that any additional frivolous appeals filed by him or on his behalf will invite the imposition of sanctions.  To avoid sanctions, Collins should review any pending appeals to ensure that they do not raise arguments that are frivolous.

APPEAL DISMISSED; SANCTION WARNING ISSUED; MOTION FOR PRODUCTION OF DOCKET SHEET AND TO CORRECT RELIEF REQUESTED IS GRANTED; OTHER MOTIONS DENIED.