IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

_____

No. 98-11022
Conference Calendar

_____


SYLVESTOR DONALD JAMES, III,

                                        Plaintiff-Appellant,

versus


WILLIAM GONZALES, Dr., ET AL.,

                                        Defendants,


WILLIAM GONZALES, DR.; TIM REVELL, M.D.,

                                        Defendants-Appellees.

- - - - - - - - - -
Appeal from the United States District Court
for the Northern District of Texas
USDC No. 2:98-CV-138
- - - - - - - - - -

April 19, 1999

Before JONES, SMITH, and DUHÉ, Circuit Judges.

PER CURIAM:[*]

     Sylvestor Donald James, III, Texas inmate # 548272,
proceeding *pro se* and *in forma pauperis* (IFP), appeals the
district court's judgment dismissing his civil rights complaint
as frivolous.  The district court may dismiss an IFP complaint as
frivolous under 28 U.S.C. § 1915(e)(2)(B)(i) if it lacks an

_____

     [*] Pursuant to 5TH CIR. R. 47.5, the court has determined
that this opinion should not be published and is not precedent
except under the limited circumstances set forth in 5TH CIR.
R. 47.5.4.

arguable basis in law or fact. *Siglar v. Hightower*, 112 F.3d 191, 193 (5th Cir. 1997). We review the dismissal of an IFP complaint as frivolous for an abuse of discretion. *Id.*

James' allegations against Dr. Revell do not demonstrate a constitutional violation under 42 U.S.C. § 1983. *See Varnado v. Lynaugh*, 920 F.2d 320, 321 (5th Cir. 1991) (a prisoner's disagreement with prison officials regarding medical treatment does not give rise to a § 1983 cause of action; negligence, neglect, medical malpractice, and unsuccessful medical treatment do not constitute a § 1983 violation). James' allegations against Dr. Gonzales also do not demonstrate a constitutional violation under § 1983. *See Baskin v. Parker*, 602 F.2d 1205, 1207-08 (5th Cir. 1979)(defendant cannot be held liable under § 1983 on a theory of vicarious liability, including respondeat superior).

James' appeal is without arguable merit and is frivolous. *See Howard v. King*, 707 F.2d 215, 219-20 (5th Cir. 1983). Because the appeal is frivolous, it is dismissed. *See* 5TH CIR. R. 42.2.

The dismissal of this appeal as frivolous and the dismissal in the district court of the complaint as frivolous count as two separate "strikes" for purposes of 28 U.S.C. § 1915(g). We caution James that once he accumulates three strikes, he may not proceed IFP in any civil action or appeal filed while he is incarcerated or detained in any facility unless he is under imminent danger of serious physical injury.

DISMISSED AS FRIVOLOUS; WARNING ISSUED.