IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

_____

No. 99-20008
Conference Calendar

_____


VICTOR L. HALL,

                                        Plaintiff-Appellant,

versus

L. AUDAS; D. PRICE; J.F. LUMA;
KENT RAMSEY,

                                        Defendants-Appellees.

- - - - - - - - - -
Appeal from the United States District Court
for the Southern District of Texas
USDC No. H-97-CV-1997
- - - - - - - - - -

August 25, 1999

Before KING, Chief Judge, and DAVIS and SMITH, Circuit Judges.

PER CURIAM:[*]

     Victor Lee Hall appeals the district court's dismissal of

his 42 U.S.C. § 1983 civil rights complaint as frivolous and for

failure to state a claim pursuant to 28 U.S.C. § 1915(e)(2)(B).

Hall argues that the district court erred in dismissing his

retaliation claim and his claim that he was denied due process

during a prison disciplinary hearing.  Hall argues that he was

denied due process in his prison disciplinary hearing because he

_____

     [*] Pursuant to 5TH CIR. R. 47.5, the court has determined
that this opinion should not be published and is not precedent
except under the limited circumstances set forth in 5TH CIR.
R. 47.5.4.

received an inadequate written statement of guilt from Price.  He

contends that the statement did not meet the requirements of

Wolff v. McDonnell, 418 U.S. 539 (1974).  He also contends that

the disciplinary charge against him, which resulted in his loss

of good-time credits and commissary and cell restrictions, was

filed by Officer Audas in retaliation for a grievance he filed

against her.

Commissary and cell restrictions are penalties which do not

implicate due process concerns.  See Madison v. Parker, 104 F.3d

765, 768 (5th Cir. 1997).  However, the right to good-time credit

is protected by the Due Process Clause and may not be arbitrarily

abrogated.  Wolff v. McDonnell, 418 U.S. at 554-57.  Insofar as

the procedures used to revoke good-time credits are concerned,

"there must be a 'written statement by the factfinders as to the

evidence relied on and reasons' for the disciplinary action."

Wolff, 418 U.S. at 564, quoting Morrissey v. Brewer, 408 U.S. 471

(1972).  The Disciplinary Report and Hearing Record complied with

Wolff's requirement by stating that Officer Audas' testimony was

the basis for the finding of guilt.  This argument lacks merit.

As for Hall's retaliation claim, he has failed to show that

but for his grievance against Audas, she would not have ordered

him to move and she would not have filed a disciplinary report

when he refused to do so.  See Johnson v. Rodriquez, 110 F.3d

299, 310 (5th Cir.), cert. denied, 118 S.Ct. 559 (1997).  Hall

has shown nothing more than his "personal belief that he [was]

the victim of retaliation." Id. (internal quotation marks and citation omitted).  His retaliation claim is without merit.

The dismissal of Hall's complaint as frivolous was not an abuse of discretion.  See Siglar v. Hightower, 112 F.3d 191, 193 (5th Cir. 1997).  Hall's appeal is without arguable merit and is frivolous.  Accordingly, the appeal is DISMISSED.  5TH CIR. R. 42.2.

The dismissal of this appeal as frivolous counts as a strike for purposes of 28 U.S.C. § 1915(g).  Because Hall already has two strikes, Hall v. Halbert, No. 96-CV-3726 (S.D. Tex. Aug. 12, 1997), and Hall v. Halbert, No. 97-20749 (5th Cir. June 17, 1998), the dismissal of this appeal, and consequently, the district court's dismissal of the complaint as frivolous, count as his third and fourth strikes.  See § 1915(g); Adepegba v. Hammons, 103 F.3d 383, 388 (5th Cir. 1996).  Hall is now BARRED from proceeding *in forma pauperis* in any civil action or appeal filed while he is in prison unless he is under imminent danger of serious physical injury.  See § 1915(g).

APPEAL DISMISSED; BAR IMPOSED.