IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

_____

No. 98-60529
Conference Calendar
_____


RICHARD AMOS MCGEE,

                                        Plaintiff-Appellant,

versus

JAMES ANDERSON; WALTER BOOKER;
BARBARA BAILEY; UNKNOWN ARP STAFF,

                                        Defendants-Appellees.

--------------------
Appeal from the United States District Court
for the Northern District of Mississippi
USDC No. 4:98-CV-10-B-D
--------------------

August 27, 1999

Before KING, Chief Judge, and JOLLY and DAVIS, Circuit Judges.

PER CURIAM:*

    Richard Amos McGee (Mississippi prisoner # 71701) appeals

the district court's dismissal of his pro se and in forma

pauperis (IFP) civil rights complaint wherein he complained of

the forfeiture of 60 days of his accrued earned time based on the

dismissal, as frivolous, of a previous lawsuit by him. See

Miss. Code Ann. § 47-5-138(3)(a),(b) (1996). In addition to

challenging application of the statute, McGee argued that the

defendants "took it upon themselves" to apply the statute and

_____

    * Pursuant to 5TH CIR. R. 47.5, the court has determined
that this opinion should not be published and is not precedent
except under the limited circumstances set forth in 5TH CIR.
R. 47.5.4.

thus acted in a retaliatory manner.  McGee further alleged that the defendants had continued their retaliation by not granting him administrative relief from the forfeiture.

A district court may dismiss a complaint as frivolous if it has no arguable basis either in law or in fact.  Siglar v. Hightower, 112 F.3d 191, 193 (5th Cir. 1997).  We review such a dismissal for an abuse of discretion.  Id.

Insofar as McGee is seeking damages and the restoration of earned time based on the allegedly improper application of Miss. Code. Ann. § 47-5-138, the district court did not abuse its discretion by concluding that McGee may not raise this claim in a § 1983 action and must first pursue such a claim through a writ of habeas corpus.  See Heck v. Humphrey, 512 U.S. 477, 481-82 (1994); Clarke v. Stalder, 154 F.3d 186, 189 (5th Cir. 1998), cert. denied, 119 S. Ct. 1052 (1999).  Favorable termination is not, however, a requisite of a retaliation claim.  See Woods v. Smith, 60 F.3d 1161, 1164 (5th Cir. 1995).  Nevertheless, because McGee's allegations of retaliation are insufficient to give rise to a retaliatory animus, we AFFIRM the district court's dismissal of the complaint as frivolous.  See Sojourner T v. Edwards, 974 F.2d 27, 30 (5th Cir. 1992)(court may affirm judgment on any basis supported by the record).

AFFIRMED.