IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

_____

No. 98-40771
Conference Calendar

_____


ROBERT L. CLARK,

                                    Plaintiff-Appellant,

versus

STEPHEN L. HUBBARD, Assistant Attorney General,
State of Texas, individually and in official capacity,

                                    Defendant-Appellee.

--------------------
Appeal from the United States District Court
for the Eastern District of Texas
USDC No. 6:98-CV-34
--------------------

December 16, 1999

Before JOLLY, HIGGINBOTHAM, and BARKSDALE, Circuit Judges.

PER CURIAM:[*]

Robert L. Clark, Texas prisoner # 647953, appeals the district court's dismissal of his 42 U.S.C. § 1983 action as frivolous pursuant to 28 U.S.C. § 1915A(b). Clark argues that his allegations establish a constitutional violation, contending that Hubbard violated his rights to liberty and property. The district court correctly characterized Clark's allegations as stating a classic tort law claim for alienation of affection and correctly determined that his allegations did not state a

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

constitutional claim. <u>Baker v. McCollan</u>, 443 U.S. 137, 145-48 (1979) (§ 1983 does not impose liability for duties of care arising out of tort law). The district court did not abuse its discretion in dismissing Clark's complaint as frivolous. <u>Siglar v. Hightower</u>, 112 F.3d 191, 193 (5th Cir. 1997).

Clark's appeal is without arguable merit and is frivolous. <u>See</u> <u>Howard v. King</u>, 707 F.2d 215, 219-20 (5th Cir. 1983). Because the appeal is frivolous, it is DISMISSED. <u>See</u> 5TH CIR. R. 42.2. Clark is hereby informed that the dismissal of this appeal as frivolous counts as a strike for purposes of 28 U.S.C. § 1915(g), in addition to the strike for the district court's dismissal. <u>See</u> <u>Adepegba v. Hammons</u>, 103 F.3d 383, 387 (5th Cir. 1996) ("[D]ismissals as frivolous in the district courts or the court of appeals count [as strikes] for the purposes of [§ 1915(g)]."). We caution Clark that once he accumulates three strikes, he may not proceed IFP in any civil action or appeal filed while he is incarcerated or detained in any facility unless he is under imminent danger of serious physical injury. <u>See</u> 28 U.S.C. § 1915(g).

APPEAL DISMISSED AS FRIVOLOUS.