IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

_____

No. 98-41529
Summary Calendar
_____

WOODROW WILSON WILLIAMS,

                                                    Plaintiff-Appellant,

versus

MARY CHOATE, in her official capacity
as Sheriff of Bowie County, Texas;
RICK HART, in his official capacity as
Warden, Bi-State Detention Center;
STEVE HICNIGHT; RICHARD REDDICK;
JERRY STRINGFELLOW; LINDA D. HALL;
JOHN ELLIS; JACK STONE, in his official
capacity as Commissioner; B. GRIMES,
in his official capacity as Commissioner;
DALE BARRETT, in his official capacity
as Commissioner; PAUL FANNIN, in his
official capacity as Commissioner;
BOWIE COUNTY, TEXAS,

                                                    Defendants-Appellees.

_____

Appeal from the United States District Court
for the Eastern District of Texas
USDC No. 5:94-CV-122
_____

January 27, 2000

Before JOLLY, JONES, and BENAVIDES, Circuit Judges.

PER CURIAM:[*]

     Woodrow Wilson Williams, Texas prisoner # 672377, appeals the

summary judgment in favor of defendants Steve Hicnight, Jerry

Stringfellow, and Linda D. Hall in his civil rights action filed

_____

[*]Pursuant to 5TH CIR. R. 47.5, the court has determined that
this opinion should not be published and is not precedent except
under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

and adjudicated pursuant to 42 U.S.C. § 1983. Williams also challenges the dismissal of his claims against defendant Mary Choate under 28 U.S.C. § 1915.

Summary judgment is proper when, viewing the evidence in the light most favorable to the nonmovant, "there is no genuine issue as to any material fact and . . . the moving party is entitled to judgment as a matter of law." Amburgey v. Corhart Refractories Corp., 936 F.2d 805, 809 (5th Cir. 1991); FED R. CIV. P. 56(c). If the moving party meets the initial burden of establishing that there is no genuine issue, the burden shifts to the nonmoving party to produce evidence of the existence of a genuine issue for trial. Celotex Corp. v. Catrett, 477 U.S. 317, 321 (1986). The nonmovant cannot satisfy his summary judgment burden with conclusional allegations, unsubstantiated assertions, or only a scintilla of evidence. Little v. Liquid Air Corp., 37 F.3d 1069, 1075 (5th Cir. 1994)(en banc).

The magistrate judge did not err in concluding that Hicnight was not deliberately indifferent to Williams's needs after he complained about his dealings with another prisoner. Williams's complaint showed that Hicnight took actions after learning of Williams's grievance to ensure that Williams and the other prisoner would be separated. Williams has not countered Hicnight's sworn statement asserting that he had nothing to do with placing the other prisoner in the same pod with Williams on the night Williams was attacked.

The magistrate judge also did not err in concluding that Hall and Stringfellow were not deliberately indifferent to Williams's medical needs in their treatment of his chest wound. See Estelle v. Gamble, 429 U.S. 97, 106 (1976). The magistrate judge's decision is AFFIRMED as to the summary judgment motions.

The district court may dismiss an *in forma pauperis* complaint as frivolous if it lacks an arguable basis in law or fact. See § 1915(e)(2)(B)(in); see Siglar v. Hightower, 112 F.3d 191, 193 (5th Cir. 1997). The magistrate judge correctly determined that Choate could not be held liable to Williams under a theory of respondeat superior and dismissed his claims under § 1915. See Baskin v. Parker, 602 F.2d 1205, 1207-08 (5th Cir. 1979). Williams also asserts on appeal that Choate set improper policies and procedures for the detention facility. He did not raise this ground for relief in the district court. "'The Court will not allow a party to raise an issue for the first time on appeal merely because a party believes that he might prevail if given the opportunity to try again on a different theory.'" Leverette v. Louisville Ladder Co., 183 F.3d 339, 342 (5th Cir. 1999)(citing Forbush v. J.C. Penney Co., 98 F.3d 817, 822 (5th Cir. 1996)). The ruling of the magistrate judge is AFFIRMED.

Williams's motion to supplement the record with X-rays is DENIED.

AFFIRMED;
MOTION DENIED.