# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

No. 99-41101
Summary Calendar

THOMAS SOSA,

Plaintiff-Appellant,

versus

JOHN DOE, Individually and in his official capacity as an
access to Courts Program Administrator; REGINALD BROWN,
Individually and in his official capacity as a law library
supervisor; RICHARD CASEY, Individually and in his official
capacity as a Correctional Officer; STEPHANIE THEIS,
Individually and in her official capacity as a Correctional
Officer; WILLIAM KOUNTZ, law librarian; EDDIE WILLIAMS,
Warden II; MIKE NICHOLS, Major; GARY GOMEZ, Region III Director,

Defendants-Appellees.

Appeal from the United States District Court
for the Eastern District of Texas
USDC No. 1:97-CV-315

March 16, 2000

Before HIGGINBOTHAM, DeMOSS and STEWART, Circuit Judges:

PER CURIAM:[*]

   Thomas Sosa (TDCJ # 668562) appeals the district court's dismissal of his in forma pauperis (IFP) civil rights complaint as frivolous and for failure to state a claim pursuant to 28 U.S.C. § 1915(e). Sosa argued in the complaint that he was being denied access to the courts in retaliation for his legal activities. The district court determined that Sosa's access-to-courts claim lacked merit because Sosa had not been prejudiced by the denial. The court concluded that Sosa lacked standing on his retaliation claim.

---

   [*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

Sosa argues that the district court erred by failing to construe the pleading he filed after the magistrate judge issued a report and recommendation as a second motion to amend the complaint. He also argues that the court did not rule on several motions he presented wherein he set forth facts establishing a pattern of retaliation. Sosa has not, however, shown an abuse of the district court's discretion with regard to these claims. See Ashe v. Corley, 992 F.3d 540, 542 (5th Cir. 1993).

Sosa also argues that the district court abused its discretion by dismissing his access-to-courts claim as frivolous. Again, Sosa has not shown that the court's dismissal of the claim constituted an abuse of discretion. See Siglar v. Hightower, 112 F.3d 191, 193 (5th Cir. 1997); Eason v. Thaler, 73 F.3d 1322, 1328 (5th Cir. 1996). Accordingly, we AFFIRM the dismissal of the complaint. All outstanding motions are DENIED.

Sosa has accumulated three "strikes" under 28 U.S.C. § 1915(g). The affirmance of the district court's dismissal as frivolous in this case counts as a single "strike." Adepegba v. Hammons, 103 F.3d 383, 387 (5th Cir. 1996). Sosa accrued another strike when this court affirmed the district court's dismissal as frivolous of his civil rights complaint in Sosa v. West, No. 1:95-CV-865. See Adepegba, 103 F.3d at 387; Sosa v. West, No. 97-41475 (5th Cir. Aug. 19, 1998). Sosa accrued an additional strike when this court affirmed the dismissal as frivolous of his civil rights complaint in Sosa v. Hinojosa, No. L-95-CV-71. See Adepegba, 103 F.3d at 387; Sosa v. Hinojosa, No. 96-40579 (5th Cir. Apr. 28, 1997). Accordingly, Sosa is BARRED from proceeding IFP in any civil action or appeal while he is incarcerated unless he is under imminent danger of serious physical injury. See § 1915(g).

AFFIRMED; ALL OUTSTANDING MOTIONS DENIED; BAR IMPOSED.