**UNITED STATES COURT OF APPEALS**
**FIFTH CIRCUIT**

_____

No. 99-21145
DC No. H-97-3894

_____

SHOZDIJIJI SHISINDAY,
also known as Danny Dean
Thomas,

Plaintiff-Appellant,

versus

GARY L. JOHNSON,
Director, Texas Department
of Criminal Justice, Institutional
Division; BRUCE THALER;
BILLY WEST; CHARLES
DUFF,

Defendants-Appellees.

Appeal from the United States District Court
For the Southern District of Texas

September 11, 2000

Before DUHÈ, EMILIO M. GARZA, and DeMOSS, Circuit Judges.

PER CURIAM:[*]

---

[*] Pursuant to 5ᵀᴴ CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5ᵀᴴ CIR. R. 47.5.4.

Shozdijiji Shisinday appeals from the district court's dismissal on summary judgment of Shisinday's § 1983 action. We affirm.

In March 1982, Shisinday was convicted in Texas state court of capital murder and sentenced to death. After exhausting state remedies, Shisinday filed a § 2254 petition challenging his conviction. On July 2, 1997, the district court granted Shisinday summary judgment on one of his four claims and set aside his conviction.

Appellee Gary Johnson filed an untimely motion to alter or amend the judgment under Fed. R. Civ. P. 59(e). After the Rule 59(e) motion was denied, Johnson, believing that the motion was timely and that it had tolled the appeals period, attempted to appeal to this court. Shisinday cross-appealed. On October 21, 1997, this court dismissed Johnson's appeal as untimely. On October 24, Shisinday and Johnson executed a stipulation of dismissal, whereby Johnson agreed to forego further judicial review of the district court's final order setting aside Shisinday's conviction and to arrange for Shisinday's immediate release from custody in exchange for the dismissal of Shisinday's cross-appeal. The stipulation of dismissal was filed with us six days later on October 30. On November 4, this court dismissed Shisinday's cross-appeal in accordance with the stipulation.

Meanwhile, on October 30, the administration of the Ellis Unit, where Shisinday was incarcerated, sent the stipulation of dismissal to the chairman of the State Classification Committee, S.O. Woods.[1] That same day, Woods contacted William Zapalac, chief of the Habeas Corpus Division of the Texas Attorney General's Office, to discuss Shisinday's custodial status. Zapalac, who signed the stipulation of dismissal on Johnson's behalf, informed Woods not to release Shisinday

---

[1]     The Classification Committee is the state agency empowered to release state prison inmates.

because a retrial was pending in Harris County, Texas, and county officials were to bench warrant Shisinday from the custody of the Texas Department of Criminal Justice-Institutional Division (TDCJ-ID) in a few days. The 180th District Court of Harris County issued a bench warrant six days later on November 5. Shisinday was transferred to the Harris County Jail approximately one month later. In November 1998, Shisinday was convicted of capital murder a second time and again received the death penalty.

In November 1997, prior to his transfer to Harris County authorities, Shisinday filed this civil rights action under 42 U.S.C. § 1983. Shisinday later filed an amended complaint adding additional claims and defendants. Shisinday raised claims of deprivation of liberty and property without due process, denial of access to courts, cruel and unusual punishment, involuntary servitude, breach of the stipulation of dismissal, and false imprisonment.

The district court dismissed as frivolous Shisinday's claims of deprivation of property and denial of access to courts, retained the others, and ordered that Johnson be served.[2] Johnson moved for summary judgment. Johnson claimed that the Eleventh Amendment immunized him from suit in his individual capacity and that he was entitled to qualified immunity to the extent that he was being sued in his individual capacity. The district court agreed and granted Johnson's motion for summary judgment. Shisinday appealed.

A grant of summary judgment is reviewed de novo. *See MacMillan v. United States*, 46 F.3d 377, 380 (5th Cir. 1995). Summary judgment is appropriate if there is "no genuine issue as to any material fact," such that the moving party is entitled to judgment as a matter of law. Fed. R. Civ. P.

---

[2]     The district court did not order the service of process on the remaining named defendants. On appeal, Shisinday does not claim that the district court thereby erred. Any such claim has therefore been waived. *See Yohey v. Collins*, 985 F.2d 222, 224-25 (5th Cir. 1993).

56(c).

Shisinday first challenges the district court's conclusion that it lacked subject matter jurisdiction to enforce the stipulation of dismissal or to compensate him for any breach of that agreement. An action to enforce a stipulation of dismissal requires federal jurisdiction independent of the action that was settled, unless a federal court incorporates the agreement in its order of dismissal or explicitly retains jurisdiction over the agreement. *See Kokkonen v. Guardian Life Ins. Co. of Am.,* 511 U.S. 375, 378, 381-82 (1994); *Langley v. Jackson State Univ.*, 14 F.3d 1070, 1074 (5th Cir. 1994).

Shisinday does not argue that there is an independent basis for federal jurisdiction, apart from his prior habeas proceedings, to enforce the stipulation of dismissal. Rather, he contends that the district court had jurisdiction to enforce the stipulation because the court incorporated the stipulation in its order of dismissal. However, examining the language of the order dismissing Shisinday's cross-appeal illustrates that the order did not incorporate the parties' agreement. *See Langley*, 14 F.3d at 1071 and n.1 (stating that the district court, in using similar language in its order of dismissal, had not approved or incorporated the parties' settlement agreement and had not retained jurisdiction over the agreement). Therefore, the district court correctly concluded that it lacked jurisdiction to enforce the stipulation of dismissal.

Second, Shisinday argues that the district court erred in rejecting his claim that he was subject to involuntary servitude in violation of the Thirteenth Amendment. Shisinday's Thirteenth Amendment argument is based on the claim that, after the state agreed to release him, he was forced to work without pay in the death-row garment factory. The district court found that Shisinday's allegations, even if true, did not constitute a Thirteenth Amendment violation. Shisinday has not

pointed to any error in the district court's legal analysis. Therefore, Shisinday has not shown that the district court erred in dismissing his Thirteenth Amendment claim. *See Brinkmann v. Dallas County Deputy Sheriff Abner*, 813 F.2d 744, 748 (5th Cir. 1987).

Third, Shisinday argues that the district court erred in dismissing his claims for damages against John Holmes (the Harris County District Attorney) and Calvin Hartmann and Roe Wilson (assistant district attorneys).[3] The district court found that the three prosecutors were entitled to absolute prosecutorial immunity with respect to Shisinday's claims and accordingly dismissed those claims as frivolous under 28 U.S.C. § 1915(e)(2)(B)(i). Shisinday argues that the prosecutors were not entitled to absolute immunity because they should have known that the state's jurisdiction over him had terminated and that, rather than having a bench warrant issued, they were required to arrest and charge him.

Shisinday's argument is meritless. Because Shisinday was bench-warranted to Harris County for the purpose of a second trial, the prosecutors were absolutely immune from a suit for damages under § 1983. *See Imbler v. Pachtman*, 424 U.S. 409, 431 (1976) (holding that a prosecutor is absolutely immune from a civil suit for damages under § 1983 "in initiating a prosecution and in presenting the State's case"). Shisinday's claims against the three prosecutors lacked an arguable basis in law. *See Sigler v. Hightower*, 112 F.3d 191, 193 (5th Cir. 1997). Therefore, the district court did not abuse its discretion in dismissing Shisinday's claims as frivolous under § 1915(e)(2)(B)(i). *See id.* (stating that § 1915(e)(2)(B)(i) dismissal is reviewed only for abuse of discretion).

Shisinday also challenges the district court's conclusion that Johnson was not liable in his

---

[3] Shisinday alleged that Holmes, Hartmann, and Wilson improperly initiated the bench-warrant process which resulted in his transfer from the Ellis Unit to the Harris County Jail.

official capacity as the director of the TDCJ-ID.  A suit against a state official in his or her official capacity is the equivalent of a suit against the state itself.  *See Will v. Michigan Dep't of State Police*, 491 U.S. 58, 71 (1989).  Unless a state waives its immunity or Congress overrides that immunity, the Eleventh Amendment bars an action for damages in federal court against a state or its officials sued in their official capacities.  *See Kentucky v. Graham*, 473 U.S. 159, 169 (1985).  Therefore, only prospective equitable relief is available.  *See id.* at 167 n.14.  Moreover, to prevail in an official-capacity action, a plaintiff generally must show that a policy or custom of the governmental entity played a part in the violation of federal law.  *See id.* at 166.

Shisinday has neither alleged nor shown that the state waived its Eleventh Amendment immunity under the particular circumstances of this case or that Congress has overridden that immunity.  Therefore, the district court correctly concluded that the Eleventh Amendment immunized Johnson in his official capacity from Shisinday's claim for damages.  *See Graham*, 473 U.S. at 169.  The district court also correctly concluded that Johnson was not liable in his official capacity for declaratory relief because Shisinday had not met his burden of showing with  summary judgment evidence t hat a specific TDCJ-ID policy caused a violation of his civil rights. *See id.* at 166, 167 n.14.  No error has been shown in the district court's grant of summary judgment to Johnson with respect to official-capacity liability.

Shisinday next challenges the district court's conclusion that Johnson was shielded from liability in his individual capacity by qualified immunity.  We evaluate claims of qualified immunity using a two-step analysis. *See Rankin v. Klevenhagen*, 5 F.3d 103, 105 (5th Cir. 1993).  The first step is to determine whether the plaintiff has asserted a violation of a clearly established constitutional right. *See id.*  Currently applicable constitutional standards are used to make this assessment. *See*

*id.* at 106. The second step is to determine whether the defendant's conduct was objectively reasonable, judged in reference to the law in place at the time of the conduct. *See id.* at 105, 108.

The district court concluded that Shisinday had not asserted a violation of a clearly established constitutional right. It stated that Shisinday claimed that he was illegally detained after his conviction was set aside on July 2. It then correctly noted that, under Fed. R. App. P. 23(c), while the decision ordering the release of a prisoner is under review, the prisoner must be released on personal recognizance unless a court orders otherwise. *See* Fed. R. App. P. 23(c) ("While a decision ordering the release of a prisoner is under review, the prisoner must—unless the court or judge rendering the decision, or the court of appeals, or the Supreme Court, or a judge or justice of either court orders otherwise—be released on personal recognizance, with or without surety."). The district court noted that the state had filed no motion to stay the judgment setting aside Shisinday's sentence, but went on to consider the factors the court would have considered in deciding whether to grant a stay had a proper motion been filed. *See Hilton v. Braunskill*, 481 U.S. 770, 774-75 (1987) (holding that the factors a court should consider in deciding whether to grant a stay of a judgment releasing a successful habeas petitioner are the same as the factors the issuing court should consider in deciding to release the successful petitioner pending appeal, and that those factors are the same as those governing stays of civil judgments generally). Concluding that the balance of those factors would have favored Shisinday's remaining in custody pending review, the court concluded that Shisinday would have remained in custody pending review of the judgment releasing him in this court. Therefore, Shisinday had not shown a violation of a constitutional right from his continued incarceration after his conviction was set aside.

We are not persuaded by the district court's reasoning. The district court clearly had the

authority to delay Shisinday's release in order to provide the state an opportunity to correct the violation found by the court. *See Hilton*, 481 U.S. at 775. This authority is in fact typically exercised. *See Herrera v. Collins*, 506 U.S. 390, 403 (1993) ("The typical relief granted in federal habeas corpus is a conditional order of release unless the State elects to retry the successful habeas petitioner, or in a capital case a similar conditional order vacating the death sentence."). The final judgment setting aside Shisinday's conviction was not conditional, however. It simply states that Shisinday's motion for summary judgment is granted, that "the judgment of conviction is set aside," and that "THIS IS A FINAL JUDGMENT." Alternately, either the district court or this court could have ordered a stay of the judgment setting aside Shisinday's conviction pending appeal. There is, however, no evidence that Johnson moved to stay the district court's grant of habeas relief,[4] nor that either this court or the district court ordered a stay or otherwise ordered Shisinday detained pending appeal. Appellate Rule 23(c) states that, in the absence of a court order to the contrary, Shisinday was entitled to release pending the review of the district court's judgment setting aside his conviction. The district court points to no precedent—and we can find none—to support its contrary reasoning. Therefore, we decline to endorse its analysis of the question of whether Shisinday has alleged a violation of a clearly established constitutional right.

However, we do not believe that the violation claimed by Shisinday is as broad as the district court posited. Shisinday did claim that he was "falsely imprisoned" by Johnson.[5] But, having

---

[4] Johnson's Rule 59(e) motion was irrelevant in this regard because it was untimely. Johnson's notice of appeal was therefore also untimely; at any rate, even a timely appeal does not automatically stay a final order of the district court or relieve the state of its obligation to comply. *See* Fed. R. App. P. 8, 23.

[5] Illegal detention of a prisoner in the form of false imprisonment is cognizable under § 1983. *See Sanchez v. Swyden*, 139 F.3d 464, 469 (5th Cir. 1998); *Douthit v. Jones*, 619 F.2d 527,

examined Shisinday's original and amended complaints, we conclude that he did not claim that the illegal detention began on July 2, but rather after the execution of the stipulation agreement. Shisinday's original complaint specifically states that "the prison has had no legal authority to hold Shisinday since October 24, 1997." It therefore requests that the court enforce the stipulation agreement and order defendants to pay damages ($1,000,000 per day) for each day "beginning Oct. 24, 1997 when the stipulation was entered resulting in the 'Final Disposition'" of Shisinday's habeas case. The complaint therefore does not contain an allegation of false imprisonment for the period beginning on July 2.

The same is true of Shisinday's amended complaint. The amended complaint claims false imprisonment in the form of Johnson's failure to adhere to the stipulation agreement, which provided for Shisinday's immediate release. Correspondingly, the alleged events Shisinday details and uses as the basis for his claims occurred after the filing of the stipulation agreement on October 30. Most importantly, the complaint requests damages for false imprisonment "for each and every day Shisinday remains in imprisonment or confinement, beginning 4 Nov. 1997."[6] Damages for deprivation of liberty and property, cruel and unusual punishment, involuntary servitude, and breach of the stipulation agreement are likewise sought only for the period beginning on November 4. Therefore, we find that the district court misconstrued the nature of Shisinday's claims and correspondingly erred in deciding whether Shisinday's incarceration after July 2 was a constitutional violation. We proceed to evaluate whether Shisinday has shown that his continued confinement after

535-36 (5th Cir. 1980).

    [6]    The amended complaint's "prayer for relief" specifically states that the section of the original complaint seeking relief "is hereby waived" and replaced. Therefore, the amended section clearly governs.

November 4 (the date of the dismissal of Shisinday's cross-appeal, in accordance with the filed stipulation agreement): 1) constituted a violation of a clearly established constitutional right; and 2) represented unreasonable conduct by Johnson.

It appears that Shisinday's continued confinement after November 4 (or even October 30) was not a constitutional violation in light of the impending bench warrant, even though Johnson had previously signed the stipulation agreement providing for Shisinday's immediate release. But we need not rely on this conclusion. It seems clear from the summary judgment evidence that the decision to keep Shisinday in custody was reasonable. Johnson's summary judgment evidence shows that, on October 30, Woods spoke to Zapalac. Zapalac advised Woods not to release Shisinday because Harris County authorities would bench-warrant Shisinday within a few days. On November 5, the bench warrant was signed by a judge of the Harris County 180th District Court, and on November 6 it was served on Shisinday. Following Zapalac's instructions, Moore kept Shisinday in custody until Shisinday was transferred to Harris County Jail on December 5. Shisinday provided no evidence to refute that of Johnson.

By limiting liability to unreasonable conduct, qualified immunity protects "all but the plainly incompetent or those who knowingly violate the law." *Mendenhall v. Riser*, 213 F.3d 226, 230 (5th Cir. 2000) (citing *Malley v. Briggs*, 475 U.S. 334, 343 (1986)). Here, the evidence is that Woods reasonably relied on the instructions of the Chief of the Habeas Corpus Division of the Attorney General's Office and had ample reason to believe in light of what he learned that he maintained the authority to hold Shisinday until the bench warrant was issued. The delay between Woods' conversation with Zapalac and the issuance of the warrant was not excessive and did not render the continued incarceration of Shisinday until November 5 unreasonable. In fact, particularly in light of

Woods' knowledge that Harris County's impending warrant charged Shisinday with capital murder, it apparently would have been unreasonable to have released Shisinday so hastily. Once the Harris County warrant was issued, of course, Moore clearly was correct to keep Shisinday in custody until Harris County officials took him. Therefore, we agree with the district court that Shisinday has not shown that Johnson acted unreasonably in keeping Shisinday in custody.[7] Correspondingly, we affirm the district court's decision that Johnson was entitled to qualified immunity.

Finally, Shisinday apparently attempts to raise several more conclusory challenges to the district court's judgment, all of which are easily rejected.[8]

We therefore affirm the district court's dismissal on summary judgment of Shisinday's claims.

AFFIRMED.

---

[7] We note that Johnson's summary judgment evidence indicates that the decision to keep Shisinday incarcerated was made by Woods and Zapalac. To recover against Johnson under § 1983, Shisinday must show that Johnson was "personally involved in the acts causing the deprivation of his constitutional rights or that a causal connection exists between an act of [Johnson] and the alleged constitutional violation." *Douthit v. Jones*, 641F.2d 345, 346 (5th Cir. 1981) (on denial of petitions for rehearing and rehearing en banc). It is doubtful whether Johnson's personal involvement in the decision to keep Shisinday incarcerated was sufficient to meet this standard, but we need not rely on this point in affirming the district court.

[8] First, to the extent to which Shisinday attempts to challenge the district court's decision not to exercise supplemental jurisdiction over Shisinday's state-law claim of false imprisonment because it had dismissed all of Shisinday's claims over which it had original jurisdiction, *see* 28 U.S.C. § 1367(c)(3), he has failed to show an abuse of discretion, *see Sibley v. Lemaire*, 184 F.3d 481, 490 (5th Cir. 1999). Second, Shisinday has waived any challenge to the district court's decision to grant summary judgment on Shisinday's claim of cruel and unusual punishment by failing to adequately brief it. *See Yohey*, 985 F.2d at 224-25. Finally, Shisinday apparently attempts to argue that the stipulation of dismissal prohibited his subsequent retrial for capital murder. However, the stipulation of dismissal only prohibited the state from seeking judicial review of the final order entered in Shisinday's federal habeas action, and therefore did not prohibit Harris County from seeking a new conviction. Shisinday's argument is meritless.

-11-