IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

_____

No. 00-10521
Summary Calendar
_____

ANSON VERNON MOORE, II,

                                        Plaintiff-Appellant,

versus

GARY JOHNSON, Director Texas
Department of Criminal Justice;
SUSAN PAYNE, Lieutenant; BOBBY
MORRIS, Sergeant; THOMAS B. DOHERTY,
Correctional Offivcer III; OLIVER,
Correctional Officer III, TEXAS
DEPARTMENT FOR CRIMINAL JUSTICE,
Unknown John and Jane Does,
employees of TDCJ,

                                        Defendants-Appellees.

--------------------
Appeal from the United States District Court
for the Northern District of Texas
USDC No. 1:99-CV-122-C
--------------------
October 6, 2000

Before SMITH, BENAVIDES, and DENNIS, Circuit Judges.

PER CURIAM:*

        Anson Vernon Moore II, *pro se* Texas prisoner # 814959, is

currently incarcerated by the Texas Department of Criminal

Justice - Institutional Division ("TDCJ-ID").  Moore brought a 42

U.S.C. § 1983 complaint alleging that he was denied medical

_____

    *  Pursuant to 5ᵀᴴ CIR. R. 47.5, the court has determined that
       this opinion should not be published and is not precedent
       except under the limited circumstances set forth in 5ᵀᴴ CIR.
       R. 47.5.4.

1

treatment and that he lost "good time" credits.  The district court referred Moore's complaint to Magistrate Judge Nancy M. Koenig.

Moore's complaint arose out of treatment he received for a toenail fungus condition.  On September 16, 1998, Moore was working in a field and told the field boss, defendant Thomas Doherty, that he was having foot pain associated with the toenail condition.  Doherty allegedly asked Moore if he was refusing to work.  Moore replied in the negative and asserted his need to see a physician.  Lieutenant Susan Payne was called, and after evidently deciding that Moore was refusing to work, she instructed defendant Bobby Morris to take Moore to "lockup," where he allegedly remained for a total of nine days.

Morris examined Moore's feet, noted no bleeding, and told Moore to put in a "sick call" to see a doctor.  Moore did not see a doctor until September 22, 1998, six days after he first complained of pain.  He was seen by health care personnel in the prison clinic for his foot pain on September 16, 21, and 23 and given a prescription on September 21, and some cream for his toenails on September 23.  He was also seen in the clinic for unrelated problems on September 17, 25, 29, and October 6, but records of those visits contain no mention of foot pain.  The condition purportedly left his toenails in such a condition that they no longer grow properly, causing Moore discomfort.  Moore contends that when he was allowed to see a physician, he was handcuffed and could not remove his boots for the examination.

2

The magistrate judge dismissed Moore's claim as frivolous pursuant to 28 U.S.C. § 1915(e)(2)(B)(i) and § 1915A(b)(1). A prisoner's complaint filed *in forma pauperis* ("IFP") may be dismissed as frivolous if it has no arguable basis in law or in fact. See Siglar v. Hightower, 112 F.3d 191, 193 (5th Cir. 1997). A dismissal of an IFP complaint as frivolous is reviewed for abuse of discretion. See id.

A prisoner has an Eighth Amendment right to be free from cruel and unusual punishment, which may be violated if prison officials exhibit deliberate indifference to the prisoner's serious medical needs. See Estelle v. Gamble, 429 U.S. 97, 102, 106 (1976). Although Moore's complaint does not specifically cite the Eighth Amendment, the gravamen of his complaint is that he seeks damages based on alleged delays or lack of proper medical treatment, which implicates the Eighth Amendment. In defining "deliberate indifference," the Supreme Court has adopted "subjective recklessness" as that term is used in the criminal law. See Farmer v. Brennan, 511 U.S. 825, 839-40 (1994). Under this definition, a prison official violates the Eighth Amendment if he "knows of and disregards an excessive risk to inmate health or safety; the official must both be aware of facts from which the inference could be drawn that a substantial risk of serious harm exists, and he must also draw the inference." Id. at 837. Mere negligence on the part of the prison official does not constitute deliberate indifference. See Jackson v. Cain, 864 F.2d 1235, 1246 (5th Cir. 1989).

3

Moore's brief on appeal is woefully inadequate. Although he disputes some minor details of the magistrate judge's factual conclusions, he does not dispute that he in fact received treatment for his foot pain. He does not cite to any jurisprudence or facts supporting his position that he was subjected to deliberate indifference. Although *pro se* briefs are construed liberally, even a *pro se* prisoner must brief issues adequately in order to preserve them for appeal; otherwise, they are deemed abandoned. See Yohey v. Collins, 985 F.2d 222, 224-25 (5th Cir. 1993).

Moreover, even giving Moore's argument the most liberal construction possible, he fails to demonstrate that the magistrate judge abused her discretion in dismissing his complaint. Moore was not denied medical treatment and was, in fact, seen in the prison clinic on the day he first complained of pain. There is no evidence in the record showing that the treatment he received in the clinic was inadequate. At most, any delays or inadequate treatment would constitute negligence, which does not rise to the level of deliberate indifference. See Stewart v. Murphy, 174 F.3d 530, 534 (5th Cir. 1999). Thus, the magistrate judge did not abuse her discretion in dismissing the complaint as frivolous. As for the loss of good time credits, Moore's brief contains no mention of that claim. Therefore, it should be deemed abandoned. See Yohey, 985 F.2d at 224-25.

Accordingly, this appeal is dismissed as frivolous. See Siglar, 112 F.3d at 193. Section 1915(g) of the Prison

4

Litigation Reform Act provides that a prisoner who has on three or more prior occasions brought an action or appeal that was dismissed on the grounds of being frivolous may not bring a civil action or appeal a judgment in a civil action IFP unless he is in imminent danger of serious physical injury. 28 U.S.C. § 1915(g). Both the district court's dismissal as frivolous and the dismissal on appeal count as "strikes" for purposes of § 1915(g). See Adepegba v. Hammons, 103 F.3d 383, 387-88 (5th Cir. 1996). Thus, Moore has accumulated two strikes. Should he accumulate three strikes, he may not proceed IFP in any civil action or appeal filed while he is incarcerated or detained in any facility unless he is in imminent danger of serious physical injury.

For the foregoing reasons Moore's appeal is DISMISSED.

APPEAL DISMISSED. *See* 5th Cir. R. 42.2.