IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

_____

No. 99-50770
Conference Calendar
_____

TONY EDWARD POWELL,

                                        Plaintiff-Appellant,

versus

LOUIS WEAVER, DPS Officer Assigned to Leon County,
Centerville, TX,

                                        Defendant-Appellee.

--------------------
Appeal from the United States District Court
for the Western District of Texas
USDC No. W-98-CV-81
--------------------
October 18, 2000

Before SMITH, BARKSDALE, and BENAVIDES, Circuit Judges.

PER CURIAM:[*]

    Tony Edward Powell, Texas prisoner # 526334,[**] appeals the
district court's dismissal of his 42 U.S.C. § 1983 action as
frivolous and for failure to state a claim pursuant to Heck v.
Humphrey, 512 U.S. 477 (1994).  Powell argues that his complaint
was not directed against his criminal conviction or sentence.

_____

    [*]  Pursuant to 5TH CIR. R. 47.5, the court has determined
that this opinion should not be published and is not precedent
except under the limited circumstances set forth in 5TH CIR.
R. 47.5.4.

    [**]  Powell was incarcerated in the Dalhart Unit of TDCJ at
the time he filed this lawsuit in June 1998.  During the
litigation of this action, he was transferred to federal custody
on his 1996 drug conviction.  His federal prisoner # is 61525-
080.

Powell's own request for relief in the form of retrial by a jury belies his argument that he was not seeking to challenge his conviction by means of this § 1983 action.  It was determined at the criminal trial that Powell had consented to the search.  Powell challenged the scope of his consent on appeal.  The drugs found under the hood of the vehicle were used as evidence against him at trial.  United States v. Powell, No. 96-50637 (5th Cir. May. 14, 1997) (unpublished).  To argue now in this § 1983 action that he did not consent to the search but that it was illegal would imply the invalidity of his conviction.

Powell's allegations that the officer threatened him and used abusive language do not rise to the level of a constitutional violation.  Bender v. Brumley, 1 F.3d 271, 274 n.4 (5th Cir. 1993).

The district court did not abuse its discretion in dismissing Powell's action as frivolous.  28 U.S.C. § 1915(e)(2)(B)(i); Siglar v. Hightower, 112 F.3d 191, 193 (5th Cir. 1997).  Powell's appeal is without arguable merit and is frivolous.  See Howard v. King, 707 F.2d 215, 219-20 (5th Cir. 1983).  Because the appeal is frivolous, it is DISMISSED.  See 5th Cir. R. 42.2.

Powell is hereby informed that the dismissal of this appeal as frivolous counts as a strike for purposes of 28 U.S.C. § 1915(g), in addition to the strike for the district court's dismissal.  See Adepegba v. Hammons, 103 F.3d 383, 387 (5th Cir. 1996) ("[D]ismissals as frivolous in the district courts or the court of appeals count [as strikes] for the purposes of

[§ 1915(g)].").  We caution Powell that once he accumulates three strikes, he may not proceed IFP in any civil action or appeal filed while he is incarcerated or detained in any facility unless he is under imminent danger of serious physical injury.  <u>See</u> 28 U.S.C. § 1915(g).

APPEAL DISMISSED AS FRIVOLOUS.