IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

_____

No. 00-40299
Conference Calendar
_____


JAMES HANES,

                                        Plaintiff-Appellant,

versus

WEBB BAIRD, Sixth District Court Lamar County Judge,

                                        Defendant-Appellee.

--------------------
Appeal from the United States District Court
for the Eastern District of Texas
USDC No. 3:98-CV-85
--------------------
April 10, 2001

Before JOLLY, HIGGINBOTHAM, and JONES, Circuit Judges.

PER CURIAM:*

    James Hanes, Texas prisoner # 559496, appeals the district

court's dismissal of his civil complaint as frivolous.  He argues

that the plea agreement pertaining to his state conviction was

invalid, that the state trial court did not inquire about the

agreement and lacked jurisdiction over Hanes' criminal case, and

that the district court erroneously construed Hanes' suit as a 42

U.S.C. § 1983 complaint as opposed to a contractual claim.

---

    * Pursuant to 5TH CIR. R. 47.5, the court has determined
that this opinion should not be published and is not precedent
except under the limited circumstances set forth in 5TH CIR.
R. 47.5.4.

A district court may dismiss an IFP complaint as frivolous under 28 U.S.C. § 1915(e)(2)(B)(i) if it lacks an arguable basis either in law or in fact.  Siglar v. Hightower, 112 F.3d 191, 193 (5th Cir. 1997).  We review such a dismissal for abuse of discretion.  Id.

Under Heck v. Humphrey, 512 U.S. 477, 487 (1994), with respect to a civil case pertaining to a conviction, "the district court must consider whether a judgment in favor of the plaintiff would necessarily imply the invalidity of his conviction or sentence."  A prisoner may not bring a civil action seeking damages or declaratory relief based upon a wrongful conviction unless the conviction has been reversed, expunged, or otherwise declared invalid.  See id. at 486-87.

Hanes' complaint and appeal seek to challenge the validity of his conviction through a civil suit.  The district court did not abuse its discretion for dismissing the complaint as frivolous.  See Heck, 512 U.S. at 487.  Hanes' appeal lacks arguable merit and is DISMISSED AS FRIVOLOUS.  See Howard v. King, 707 F.2d 215, 219-20 (5th Cir. 1983); 5th Cir. R. 42.2.  The district court's dismissal as frivolous under § 1915 counts as a strike against Hanes.  See Adepegba v. Hammons, 103 F.3d 383, 387 (5th Cir. 1996).  This court's dismissal counts as another strike.  Id.  If Hanes accumulates three strikes, he may not proceed IFP in any civil action or appeal filed while he is incarcerated or detained in any facility unless he is in imminent danger of serious physical injury.  See 28 U.S.C. § 1915(g).  Hanes is cautioned to review any pending appeals to ensure that

they do not raise frivolous issues.  His motion for the appointment of counsel is DENIED.