IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

_____

No. 00-20784
Conference Calendar
_____

ABRAHAM GALVAN,

                                        Plaintiff-Appellant,

versus

D. DOWNS; J. HENDERSON; D. DICKSON; J.N. BARRATT; KENT RAMSEY,

                                        Defendants-Appellees.

--------------------
Appeal from the United States District Court
for the Southern District of Texas
USDC No. H-99-CV-264
--------------------
April 11, 2001

Before JOLLY, HIGGINBOTHAM, and JONES, Circuit Judges.

PER CURIAM:[*]

    Abraham Galvan, Texas prisoner # 745262, appeals the district court's judgment dismissing his 42 U.S.C. § 1983 action as frivolous pursuant to 28 U.S.C. § 1915(e)(2)(B)(i).  Galvan argues that the district court abused its discretion by not finding that his due process rights were violated and in holding that there was some evidence to support the finding of guilt.

    Galvan's claims of a denial of due process and insufficient evidence in connection with his prison disciplinary proceedings are not yet cognizable in a § 1983 action.  Edwards v. Balisok,

_____

    [*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

520 U.S. 641, 647-48 (1997).  The district court did not abuse its discretion in dismissing his complaint as frivolous.  <u>Siglar v. Hightower</u>, 112 F.3d 191, 193 (5th Cir. 1997).

Galvan's appeal is without arguable merit and is frivolous. <u>See</u> <u>Howard v. King</u>, 707 F.2d 215, 219-20 (5th Cir. 1983). Because the appeal is frivolous, it is DISMISSED.  <u>See</u> 5TH CIR. R. 42.2.  Galvan is hereby informed that the dismissal of this appeal as frivolous counts as a strike for purposes of 28 U.S.C. § 1915(g), in addition to the strike for the district court's dismissal.  <u>See</u> <u>Adepegba v. Hammons</u>, 103 F.3d 383, 387 (5th Cir. 1996) ("[D]ismissals as frivolous in the district courts or the court of appeals count [as strikes] for the purposes of [§ 1915(g)].").  We caution Galvan that once he accumulates three strikes, he may not proceed IFP in any civil action or appeal filed while he is incarcerated or detained in any facility unless he is under imminent danger of serious physical injury.  <u>See</u> 28 U.S.C. § 1915(g).

APPEAL DISMISSED AS FRIVOLOUS.