IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

_____

No. 01-20015
Conference Calendar

_____

ROBERT F. WILSON,

                                        Plaintiff-Appellant,

versus

JOHN SEALY HOSPITAL; DR. LARGEANT; DR. NIAK,

                                        Defendants-Appellees.

- - - - - - - - - -
Appeal from the United States District Court
for the Southern District of Texas
USDC No. H-00-CV-2712
- - - - - - - - - -
June 13, 2001

Before WIENER, DeMOSS, and DENNIS, Circuit Judges.

PER CURIAM:[*]

     Robert F. Wilson, Texas prisoner # 511728, appeals the
dismissal of his 42 U.S.C. § 1983 complaint as frivolous and for
failure to state a claim upon which relief may be granted.  See
28 U.S.C. § 1915(e)(2)(B)(i), (ii).  Wilson asserted in the
district court that he was denied proven and effective treatment,
was denied prescription refills, and was required to reuse
disposable catheters.

_____

     [*] Pursuant to 5TH CIR. R. 47.5, the court has determined
that this opinion should not be published and is not precedent
except under the limited circumstances set forth in 5TH CIR.
R. 47.5.4.

To the extent Wilson argues that Drs. Largeant and Niak should have prescribed the same treatment or medication prescribed by other doctors, this amounts at most to a disagreement with his medical treatment, which does not rise to the level of a constitutional violation. See Varnado v. Lynaugh, 920 F.2d 320, 321 (5th Cir. 1991). Accordingly, this argument lacks an arguable basis in law and is frivolous. See Siglar v. Hightower, 112 F.3d 191, 193 (5th Cir. 1997).

To the extent Wilson complains that the court-ordered inquiry into Jester III Unit practices was never conducted, this issue was rendered moot by Wilson's transfer to another unit. See Beck v. Lynaugh, 842 F.2d 759, 762 (5th Cir. 1988).

Wilson makes conclusional assertions that the district court erred in crediting the defendants' evidence and in resolving controverted issues of material fact in the defendants' favor. He does not, however, identify any evidence so credited or any facts that were found in the defendants' favor. These arguments are deemed abandoned because of Wilson's failure to brief them adequately. See Yohey v. Collins, 985 F.2d 222, 224-25 (5th Cir. 1993). Wilson makes no argument regarding the dismissal of his claims that he was denied prescription refills and was forced to reuse single-use catheters or regarding the dismissal of his claims against the hospital; thus, he has also abandoned these issues. See id.

Wilson's appeal is without arguable merit and therefore frivolous. See Howard v. King, 707 F.2d 215, 219-20 (5th Cir. 1983). Because the appeal is frivolous, it is DISMISSED. See

5TH CIR. R. 42.2.  The district court's dismissal of the present case and our dismissal of this appeal count as two strikes against Wilson for purposes of 28 U.S.C. § 1915(g).  We caution Wilson that once he accumulates three strikes, he may not proceed in forma pauperis in any civil action or appeal filed while he is incarcerated or detained in any facility unless he is under imminent danger of serious physical injury.  See 28 U.S.C. § 1915(g).

APPEAL DISMISSED; SANCTION WARNING ISSUED.