IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

_____

No. 00-41230
Conference Calendar

_____


PETE VALLEJO,

Plaintiff-Appellant,

versus

OWEN J. MURRY, Doctor; ALFRED, Doctor; JOHN DOE, Doctor,
Neurosurgeon; ROCHELLE MCLANNEY, RN; CAROLYN BURNS, Patient
Liaison; K. C. LOVE, Doctor; DAVID M. FORTNER, Physician
Assistant; CAROL D. GUNTER, Patient Care Coordinator; MERRIE
A. RODDY, LVN; GREGORY N. GILES, RN; MILDRED C. SCOTT, LVN;
SHELLEY JONES, LVN; TONYA KING, Medical Technician; CYNTHIA
STEWART, Clerk; THE OFFICE OF THE ATTORNEY GENERAL OF THE
STATE OF TEXAS,

Defendants-Appellees.

--------------------
Appeal from the United States District Court
for the Eastern District of Texas
USDC No. 6:00-CV-273
--------------------
June 14, 2001

Before WIENER, DeMOSS, and DENNIS, Circuit Judges.

PER CURIAM:[*]

Pete Vallejo, *pro se* Texas prisoner # 698556, appeals the

district court's dismissal of his 42 U.S.C. § 1983 complaint as

frivolous and for failure to state a claim under 28 U.S.C.

§ 1915(e)(2)(B)(i) and (ii).

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined
that this opinion should not be published and is not precedent
except under the limited circumstances set forth in 5TH CIR.
R. 47.5.4.

Vallejo contends that prison officials and medical personnel acted with deliberate indifference to his medical needs following a back injury he sustained in a fall.  However, the medical records demonstrate that Vallejo received appropriate treatment. The district court, after reviewing Vallejo's substantial medical records and a Martinez v. Aaron[**] report, held that his complaint had no arguable basis in law of fact and was, therefore, frivolous.  This conclusion was not an abuse of discretion.  See Siglar v. Hightower, 112 F.3d 191, 193 (5th Cir. 1997). Although Vallejo may have disagreed with his course of treatment, that is insufficient to sustain an Eighth Amendment claim.  See Norton v. Dimizana, 122 F.3d 286, 292 (5th Cir. 1997).  For the foregoing reasons, the judgment of the district court is AFFIRMED.

The dismissal of Vallejo's complaint counts as a strike for purposes of 28 U.S.C. § 1915(g).  Adepegba v. Hammons, 103 F.3d 383, 385-87 (5th Cir. 1996).  Once Vallejo accumulates three strikes, he will be able to proceed IFP in federal court only if he "is under imminent danger of serious physical injury."  28 U.S.C. § 1915(g).

AFFIRMED; SANCTIONS WARNING ISSUED.

---

[**]570 F.2d 317 (10th Cir. 1978).