IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

_____

No. 01-40015
Conference Calendar
_____

TOMMY EARL BOONE, JR.,

Plaintiff-Appellant,

versus

GERALD GARRETT, Chairperson at Texas Board of Pardons &
Parole; JANET RENO, United States Attorney General;
WEST PUBLISHING CORPORATION,

Defendants-Appellees.

--------------------
Appeal from the United States District Court
for the Eastern District of Texas
USDC No. 1:00-CV-728
--------------------
August 23, 2001

Before KING, Chief Judge, and POLITZ and PARKER, Circuit Judges.

PER CURIAM:[*]

Tommy Earl Boone, Jr., Texas prisoner # 283484, appeals the
district court's dismissal of his 42 U.S.C. § 1983 action as
frivolous pursuant to 28 U.S.C. § 1915(e)(2)(B)(i).  Boone
contends that the judges of the Fifth Circuit Court of Appeals
and West Publishing conspired to fraudulently misinterpret Texas
parole laws.  The district court did not abuse its discretion in
determining that Boone's allegations were delusional.  <u>Siglar v.
Hightower</u>, 112 F.3d 191, 193 (5th Cir. 1997).  Boone argues that

_____

[*]  Pursuant to 5TH CIR. R. 47.5, the court has determined
that this opinion should not be published and is not precedent
except under the limited circumstances set forth in 5TH CIR.
R. 47.5.4.

the district court did not conduct de novo review of his objections. The district court's memorandum order specifically states that the court has conducted de novo review. No more is required. Koetting v. Thompson, 995 F.2d 37, 40 (5th Cir. 1993). Boone argues that the Prison Litigation Reform Act (PLRA) is unconstitutional for requiring him to pay the full costs of litigation and then allowing dismissal of his complaint as frivolous. The PLRA provisions that require a prisoner to pay the full appellate filing fee in installments are constitutional. Norton v. Dimazana, 122 F.3d 286, 290 (5th Cir. 1997).

Boone's appeal is without arguable merit and is frivolous. See Howard v. King, 707 F.2d 215, 219-20 (5th Cir. 1983). Because the appeal is frivolous, it is DISMISSED. See 5th Cir. R. 42.2. Boone's motion to impeach this court's precedents is DENIED.

Boone is hereby informed that the dismissal of this appeal as frivolous counts as a strike for purposes of 28 U.S.C. § 1915(g), in addition to the strike for the district court's dismissal. See Adepegba v. Hammons, 103 F.3d 383, 387 (5th Cir. 1996) ("[D]ismissals as frivolous in the district courts or the court of appeals count [as strikes] for the purposes of [§ 1915(g)]."). We caution Boone that once he accumulates three strikes, he may not proceed IFP in any civil action or appeal filed while he is incarcerated or detained in any facility unless he is under imminent danger of serious physical injury. See 28 U.S.C. § 1915(g).

APPEAL DISMISSED AS FRIVOLOUS; MOTION DENIED.