IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

_____

No. 01-10727
Conference Calendar
_____

RAMON SANCHEZ, JR.,

Plaintiff-Appellant,

versus

GARY L. JOHNSON, Director, Texas Department of Criminal
Justice, Institutional Division; JOHN GILBERT, Regional
Director Texas Department of Criminal Justice - Institutional
Division; JOSEPH DOMINGUES, Warden Dalhart Unit;
RANDY MCLEOD, Warden Neal Unit; WILLIAM WALKER, Assistant
Warden Clements Unit; BRAD FRANKLIN, Classification Officer
Dalhart Unit; MICHAEL SAVERS, Major Dalhart Unit; ELBERT
HAMPTON, Captain Dalhart Unit; JAMES D. WHITAKER, Captain
Dalhart Unit; RONNIE TUCKER, Lieutenant Dalhart Unit;
VINCENT LAW, Lieutenant Dalhart Unit; LUPE JALOMO,
Sergeant Dalhart Unit; DAISHA SIMMONS, Sergeant Dalhart
Unit; JASON ALBERT, Correctional Officer III Dalhart Unit;
TERRELL DAVIS, Correctional Officer III Dalhart Unit;
MICHAEL DOOLEY, Correctional Officer III Dalhart Unit;
JAMES GAMBRELL, Correctional Officer III Dalhart Unit;
ERNEST HAUSER, Correctional Officer III Dalhart Unit;
ANGELA LAW, Correctional Officer III Dalhart Unit;
AMANDA LEWIS, Correctional Officer III Dalhart Unit;
BRADLEY LEWIS, Correctional Officer III Dalhart Unit;
LESLIE MENDOZA, Correctional Officer III Dalhart Unit;
WILLIAM SWART, MD Unit Physician Dalhart Unit;
GRISELDA RAMOS; RON KELLEY,

Defendants-Appellees.

---------------------
Appeal from the United States District Court
for the Northern District of Texas
USDC No. 2:00-CV-421-J
---------------------
October 26, 2001

Before WIENER, BENAVIDES, and DENNIS, Circuit Judges.

PER CURIAM:[*]

_____

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined
that this opinion should not be published and is not precedent
except under the limited circumstances set forth in 5TH CIR.
R. 47.5.4.

Ramon Sanchez, Jr., Texas prisoner # 739788, proceeding pro se and in forma pauperis, appeals the district court's dismissal of his 42 U.S.C. § 1983 action as frivolous and for failure to state a claim pursuant to 28 U.S.C. § 1915A, § 1915(e), and 42 U.S.C. § 1997e(a). The district court held that Sanchez had failed to comply with the order to file an amended complaint to cure the improper joinder of claims and defendants. The district court further held that Sanchez's attempt to cure the defect by naming only Johnson and Gilbert as defendants was based upon respondeat superior and failed to alleged the requisite causal connection to the alleged constitutional deprivations.

Sanchez argues that the district court abused its discretion in requiring him to file an amended complaint. He contends that he alleged 11 specific, identifiable claims and that the magistrate judge failed to state the substance of Federal Rules of Civil Procedure 18 and 20 in the order. He contends that his claims are not frivolous and do state a claim. He argues that the denial of his motion for an extension of time to file objections was a denial of due process.

The district court did not abuse its discretion in dismissing Sanchez's complaint as frivolous. Siglar v. Hightower, 112 F.3d 191, 193 (5th Cir. 1997). The magistrate judge's report clearly put Sanchez on notice that he would not be allowed to join in a single lawsuit all of his claims from 1997 to 2000, against 25 separate defendants, arising out of 11 separate alleged categories of constitutional violations occurring at separate times and places. Sanchez filed two

amended complaints, but they did not comply with the order for Sanchez to limit his complaint to claims and defendants which could be joined properly under the Federal Rules of Civil Procedure by being connected factually or legally. Instead, he repeated his chronology of events but limited his named defendants to Johnson and Gilbert, the Director and Regional Director of TDCJ. As the district court correctly held, Sanchez was attempting to hold Johnson and Gilbert vicariously liable under the theory of respondeat superior and did not allege facts which connected actions by Johnson or Gilbert to the alleged constitutional violations, which does not support a § 1983 cause of action. Thompkins v. Belt, 828 F.2d 298, 303 (5th Cir. 1987).

The district court did not deny Sanchez due process when it denied his motion for an extension of time to file objections to the magistrate judge's report. The district court noted that Sanchez had been litigating the issue of improper joinder of claims in this case and in the previous case, No. 2:99-CV-402, for a long time and that he had shown no valid reason for the need for extra time. His "heavy litigation schedule" was due solely to his continuous filing of frivolous appeals from non-appealable orders in this case and that previous case.

Sanchez's appeal is without arguable merit and is frivolous. See Howard v. King, 707 F.2d 215, 219-20 (5th Cir. 1983). Because the appeal is frivolous, it is DISMISSED. See 5TH CIR. R. 42.2. Sanchez is hereby informed that the dismissal of this appeal as frivolous counts as a strike for purposes of 28 U.S.C. § 1915(g), in addition to the strike for the district court's

dismissal.  See Adepegba v. Hammons, 103 F.3d 383, 387 (5th Cir. 1996) ("[D]ismissals as frivolous in the district courts or the court of appeals count [as strikes] for the purposes of [§ 1915(g)].").  The dismissal of Sanchez's appeal as frivolous in No. 01-10287 also counts as a strike, giving Sanchez three strikes.  Having accumulated three strikes, Sanchez may not proceed IFP in any civil action or appeal filed while he is incarcerated or detained in any facility unless he is under imminent danger of serious physical injury.  See 28 U.S.C. § 1915(g).

APPEAL DISMISSED AS FRIVOLOUS; 28 U.S.C. § 1915(g) BAR IMPOSED.