IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

_____

No. 01-50445
Summary Calendar
_____

BRIAN D. MCQUEEN,

                                        Plaintiff-Appellant,

versus

L. DOWDY, Etc.;  ET AL.,

                                        Defendants,

DAVID RAINBOLT; DENNIS L. HERRON, Captain, also known as FNU
Herron; GRACE KENNEDY, also known as G. Kennedy, Lieutenant;
DIANA KEY; BELINDA HOOPER; JOHN DOES; RICHARD STRELSKEY, also
known as FNU Strelskey; HEATH BALLARD, also known as FNU Ballard;
DELPHIS BINWALL, also known as FNU Binwall; DAVID MOYA; KENNETH
GREEN, JR., also known as FNU Green; JIM A. SHAW, also known as
J. A Shaw; CHARLES C. BELL, also known as C. C. Bell; RANDOLPH
MCVEY; JOHN SCHALL; CHARLES RIDGE; K. RATNARAJAH,

                                        Defendants-Appellees.

--------------------
Appeal from the United States District Court
for the Western District of Texas
USDC No. W-99-CV-38
--------------------
December 27, 2001
Before JONES, SMITH and EMILIO M. GARZA, Circuit Judges.

PER CURIAM:[*]

        Brian D. McQueen, Texas state prisoner # 631997, filed a
notice of appeal from the district court's grant of summary
judgment to all of the defendants in this 42 U.S.C. § 1983 civil
rights action.  We DISMISS the appeal as frivolous.

---

        [*] Pursuant to 5TH CIR. R. 47.5, the court has determined
that this opinion should not be published and is not precedent
except under the limited circumstances set forth in 5TH CIR.
R. 47.5.4.

McQueen's sole contention on appeal is that defendant-appellee Correctional Officer Delphis Binwall violated McQueen's Eighth Amendment rights by having McQueen's head shaved by another inmate. McQueen has failed to show that there is a genuine issue whether he had the requisite physical injury to entitle him to damages therefor, or to support a claim for emotional or mental suffering. See Fed. R. Civ. P. 56(c); Siglar v. Hightower, 112 F.3d 191, 193 (5th Cir. 1997). The district court also did not err in finding that there was no genuine issue whether Binwall acted in a malicious or sadistic manner which was "repugnant to the conscience of mankind." See Hudson v. McMillian, 503 U.S. 1, 9-10 (1992). McQueen's appeal is due to be dismissed as frivolous because it lacks arguable merit. See Howard v. King, 707 F.2d 215, 220 (5th Cir. 1983).

The dismissal of McQueen's complaint as frivolous and the dismissal of this appeal as frivolous each counts as a "strike" for the purposes of 28 U.S.C. § 1915(g). See Adepegba v. Hammons, 103 F.3d 383, 387 (5th Cir. 1996). We note that McQueen has at least one other strike against him. See McQueen v. Butler, No. 2:99-CV-0025 (N.D. Tex. Feb. 23, 1999). By accumulating three strikes, McQueen is BARRED from proceeding in forma pauperis in any subsequent civil action or appeal filed while he is incarcerated or detained in any facility unless he is under imminent danger of serious physical injury. See 28 U.S.C. § 1915(g).

APPEAL DISMISSED; 28 U.S.C. § 1915(g) BAR INVOKED.