United States Court of Appeals,

Fifth Circuit.

No. 96-11096

Summary Calendar.

Lee Andrew SIGLAR, II, Plaintiff-Appellant,

v.

Elvis HIGHTOWER;  Ejike S. Nwose;  James L. Alexander, Co II;
Melissa K. Whitehead, Defendants-Appellees.

May 8, 1997.

Appeal from the United States District Court for the Northern District of Texas.

Before JONES, DeMOSS and PARKER, Circuit Judges.

ROBERT M. PARKER, Circuit Judge:

Lee Andrew Siglar, II, Texas prisoner # 96054477 ("Siglar"), filed a civil rights action pursuant to 42 U.S.C. § 1983 against Warden Elvis C. Hightower ("Hightower") and Corrections Officers Ejike S. Nwose ("Nwose"), James L. Alexander ("Alexander") and Melissa Whitehead ("Whitehead").  The district court dismissed Siglar's complaint as frivolous under 28 U.S.C. § 1915(e)(2) and Siglar appealed.

FACTS

Siglar alleged the following facts in his complaint, in response to the court's questionnaire and in a *Spears*[1] hearing. Siglar was stopped in the hall of his prison unit by Officer Whitehead while returning from breakfast.  Whitehead directed Siglar to stand and face the wall while she searched him.  A

---

[1]*Spears v. McCotter*, 766 F.2d 179 (5th Cir.1985).

1

biscuit was found in his jacket pocket. Whitehead called for backup. Nwose responded to Whitehead's call and verbally and physically abused Siglar during the incident. Without provocation, Nwose twisted Siglar's arm behind his back and twisted Siglar's ear. Siglar's ear was bruised and sore for three days but he did not seek or receive medical treatment for any physical injury resulting from the incident. There is no allegation that he sustained long term damage to his ear. Whitehouse and Alexander witnessed the incident and did not intervene to protect Siglar from Nwose. Hightower was the Warden of the unit and Siglar contends that he was negligent in his supervision of Nwose and his handling of Siglar's subsequent complaint against Nwose.

DISCUSSION

Siglar's complaint, filed *in forma pauperis* ("IFP") may be dismissed as frivolous if it lacks an arguable basis in law or fact. 28 U.S.C. § 1915(e)(2)(B)(i); *Eason v. Thaler,* 14 F.3d 8, 9 (5th Cir.1994). A complaint lacks an arguable basis in law if it is based on an indisputably meritless legal theory, such as if the complaint alleges the violation of a legal interest which clearly does not exist. *Neitzke v. Williams,* 490 U.S. 319, 327, 109 S.Ct. 1827, 1832-33, 104 L.Ed.2d 338 (1989). This court reviews a § 1915(e) dismissal for abuse of discretion. *Graves v. Hampton,* 1 F.3d 315, 317 (5th Cir.1993).

The district court held that Siglar's claim is without an arguable basis in law. It is clear that verbal abuse by a prison guard does not give rise to a cause of action under § 1983. *See*

2

*Bender v. Brumley,* 1 F.3d 271, 274 n. 4 (5th Cir.1993). The district court then determined that no qualifying physical injury resulted from the incident. The district court referenced a new statutory provision, 42 U.S.C. § 1997e(e), enacted as part of the Prison Litigation Reform Act, which provides:

> No Federal civil action may be brought by a prisoner confined in a jail, prison or other correctional facility for mental or emotional injury suffered while in custody without a prior showing of physical injury.

The question for this court is whether Siglar's bruised ear amounts to a "physical injury" that can serve as the basis for his excessive force or mental and emotional suffering claims. The Supreme Court has defined the parameters for Eighth Amendment claims arising out of injuries suffered by prisoners at the hands of prison guards: whether force was applied in good-faith effort to maintain or restore discipline, or maliciously and sadistically to cause harm. *Hudson v. McMillian,* 503 U.S. 1, 7, 112 S.Ct. 995, 999, 117 L.Ed.2d 156 (1992). The absence of serious injury, while relevant to the inquiry, does not preclude relief. *Id.* However, the Eighth Amendment's prohibition of cruel and unusual punishment excludes from constitutional recognition *de minimus* uses of physical force, provided that the use of force is not of a sort "repugnant to the conscience of mankind." *Id.* at 10, 112 S.Ct. at 1000.

In the absence of any definition of "physical injury" in the new statute, we hold that the well established Eighth Amendment standards guide our analysis in determining whether a prisoner has sustained the necessary physical injury to support a claim for

3

mental or emotional suffering. That is, the injury must be more than *de minimus,* but need not be significant. *See id.*

We conclude that Siglar's alleged injury—a sore, bruised ear lasting for three days—was *de minimus.* Siglar has not raised a valid Eighth Amendment claim for excessive use of force nor does he have the requisite physical injury to support a claim for emotional or mental suffering. We therefore hold that the district court did not abuse its discretion in ordering the dismissal of Siglar's claims.

AFFIRMED.

4