IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

_____

No. 97-40884
Summary Calendar

_____

ROY JON,

                                        Plaintiff-Appellant,

versus

JOSEPH K. PRICE, Warden, ET AL.,

                                        Defendants-Appellees.

- - - - - - - - - -
Appeal from the United States District Court
for the Eastern District of Texas
USDC No. 6:96-CV-820
- - - - - - - - - -
March 18, 1998

Before DUHÉ, DeMOSS, and DENNIS, Circuit Judges.

PER CURIAM:[*]

Roy Jon, a Texas prisoner (# 626840), appeals the district court's dismissal as frivolous of his *pro se*, *in forma pauperis* (IFP) 42 U.S.C. § 1983 action in which he alleged that the defendants retaliated against him for filing grievances, denied him adequate medical care, placed him on "loss of privileges" status in violation of due process, and improperly changed his work

---

[*] Pursuant to Local Rule 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in Local Rule 47.5.4.

classification.

Jon's request to file an amended brief is DENIED. Jon's supplemental amended brief should not have been filed as it is not authorized under the Federal Rules of Appellate Procedure or the rules of this court. *See* FED. R. APP. P. 28(a), (c), (j). It is STRICKEN.

Jon argues that the magistrate judge improperly denied leave to file a second amended complaint and that the district court abused its discretion by dismissing his suit. We have reviewed the record and Jon's allegations, and we conclude that the district court did not abuse its discretion by dismissing Jon's § 1983 action as frivolous. *Siglar v. Hightower*, 112 F.3d 191, 193 (5th Cir. 1997).

Because Jon's arguments of error are wholly without merit, this appeal is frivolous and is DISMISSED. *See Howard v. King*, 707 F.2d 215, 219-20 (5th Cir. 1983); 5TH CIR. R. 42.2.

On at least three occasions, besides this frivolous appeal, Jon has brought an action or appeal in a United States court that was dismissed as frivolous; therefore, Jon is BARRED from proceeding IFP under the Prison Litigation Reform Act of 1996. *See Adepegba v. Hammons*, 103 F.3d 383, 388 (5th Cir. 1996). Accordingly, Jon may not proceed IFP in any civil action or appeal filed while he is in prison unless he is under imminent danger of serious physical injury. 28 U.S.C. § 1915(g).

SANCTION IMPOSED UNDER 28 U.S.C. § 1915(g); MOTION FOR LEAVE

TO AMEND THE INITIAL BRIEF DENIED; AMENDED BRIEF STRICKEN; APPEAL

DISMISSED.