IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

_____

No. 98-40599
Conference Calendar
_____

ARNOLD MACIAS,

Plaintiff-Appellant,

versus

JERRY D. WHITTON ET AL.,

Defendants-Appellees.

- - - - - - - - - - -
Appeal from the United States District Court
for the Eastern District of Texas
USDC No. 6:98-CV-66
- - - - - - - - - - -

April 19, 1999

Before JONES, SMITH, and DUHÉ, Circuit Judges.

PER CURIAM:*

Arnold Macias, Texas inmate # 465951, proceeding *pro se* and *in forma pauperis* (IFP), appeals the district court's dismissal as frivolous, pursuant to 28 U.S.C. § 1915, of his civil rights complaint, 42 U.S.C. § 1983. Macias' motions for remand and reinstatement of his § 1983 complaint, for a hearing, for "Justification En Banc," and for appointment of counsel are DENIED.

The district court may dismiss an IFP complaint as frivolous if it lacks an arguable basis in law or fact. 29 U.S.C. § 1915(e)(2)(B)(i); *see Siglar v. Hightower*, 112 F.3d 191, 193

---

* Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

(5th Cir. 1997). "A complaint lacks an arguable basis in law if it is based on an indisputably meritless legal theory, such as if it alleges the violation of a legal interest which clearly does not exist." *Siglar*, 112 F.2d at 193. We review the dismissal of an IFP complaint as frivolous for an abuse of discretion. *Id.*

The district court dismissed Macias' § 1983 complaint pursuant to *Heck v. Humphrey*, 512 U.S. 477, 486-87 (1994). Macias has not identified error in the district court's reasons for dismissing his § 1983 complaint, and thus, he has abandoned his appeal. *See Brinkmann v. Dallas County Deputy Sheriff Abner*, 813 F.2d 744, 748 (5th Cir. 1987)(when appellant fails to identify error in the district court's analysis, it is the same as if appellant had not appealed that judgment). Macias' assertions that the district court did not enter his complaint against Judge Calhoon and did not rule on his motions are frivolous.

Macias' appeal is without arguable merit and is frivolous. *See Howard v. King*, 707 F.2d 215, 219-20 (5th Cir. 1983). Because the appeal is frivolous, it is dismissed. *See* 5TH CIR. R. 42.2.

The dismissal of this appeal as frivolous and the dismissal in the district court of the complaint as frivolous count as two separate "strikes" for purposes of 28 U.S.C. § 1915(g). We caution Macias that once he accumulates three strikes, he may not proceed IFP in any civil action or appeal filed while he is incarcerated or detained in any facility unless he is under imminent danger of serious physical injury.

DISMISSED AS FRIVOLOUS; WARNING ISSUED; MOTIONS DENIED.