IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

_____

No. 99-40043
Summary Calendar
_____

EDDIE W. MARTIN, JR.,

Plaintiff-Appellant,

versus

ORLANDO PEREZ ET AL.,

Defendants,

ORLANDO PEREZ; WILLIAM A. BOOTHE; DOMINGO CARRILLO;
ERNEST J. DELBOSQUE; PABLO GARZA; LOUIS CARRILLO;
RAFAEL MENCHACCA,

Defendants-Appellees.

--------------------
Appeal from the United States District Court
for the Southern District of Texas
USDC No. C-98-CV-312
--------------------
December 9, 1999

Before JOLLY, JONES, and BENAVIDES, Circuit Judges.

PER CURIAM:[*]

Eddie W. Martin, Jr., Texas prisoner #651314, proceeding *pro se* and *in forma pauperis* (IFP) appeals the district court's dismissal as frivolous of his 42 U.S.C. § 1983 complaint. Martin contends that the defendants retaliated against him for exercising his First Amendment right of access to the court.

_____

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

Martin also contends that the magistrate judge was biased against him and demonstrated personal knowledge of the facts of his case.

We review the district court's dismissal of an IFP complaint as frivolous for an abuse of discretion. *Siglar v. Hightower*, 112 F.3d 191, 193 (5th Cir. 1997). Martin's conclusional allegations, based on his personal belief, that the defendants acted with retaliatory intent are insufficient to establish a claim of retaliation. *See Johnson v. Rodriguez*, 110 F.3d 299, 310 (5th Cir.), *cert. denied*, 118 S. Ct. 559 (1997); *Whittington v. Lynaugh*, 842 F.2d 818, 819 (5th Cir. 1988). Martin's allegations of bias and improper personal knowledge of the facts of his case are conclusional and unsupported. The district court's judgment is AFFIRMED.

This is not the first complaint or appeal filed by Martin that has been dismissed as frivolous. A prisoner may not

> bring a civil action or appeal a judgment in a civil action or proceeding under this section if the prisoner has, on 3 or more prior occasions, while incarcerated or detained in any facility, brought an action or appeal in a court of the United States that was dismissed on the grounds that it is frivolous, malicious, or fails to state a claim upon which relief may be granted, unless the prisoner is under imminent danger of serious physical injury.

28 U.S.C. § 1915(g).

Martin now has three "strikes." *See Adepegba v. Hammons*, 103 F.3d 383, 386-88 (5th Cir. 1996). The district court's dismissal for failure to state a claim of a prior § 1983 complaint by Martin and this court's dismissal as frivolous of the appeal of that dismissal count as two strikes. *See Martin v.*

*Martin*, No. 97-10218 (5th Cir. Jan. 15, 1998)(loose papers, green tab); *Adepegba v. Hammons*, 103 F.3d 383, 388 (5th Cir. 1996)(both the dismissal in the district court as frivolous and the separate dismissal of the appeal count as strikes).  This court's affirmance of the district court's dismissal as frivolous of Martin's complaint in the instant case is Martin's third strike. *See Martin v. Perez*, No. C-98-312 (S.D. Tex. Nov. 16, 1998); *Adepegba*, 103 F.3d at 387(affirmance of district court's dismissal as frivolous counts as a single strike).

Except for cases involving an imminent danger of serious physical injury, Martin is BARRED under § 1915(g) from proceeding further under § 1915 while he is incarcerated.

AFFIRMED; 28 U.S.C. § 1915(g) BAR ORDERED.