IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

_____

No. 99-40491
Summary Calendar
_____

CLINTON BOYD

                                        Plaintiff-Appellant

     v.

AMIR MOHAMMAD; DENECE BOSS

                                        Defendants-Appellees

--------------------
Appeal from the United States District Court
for the Eastern District of Texas, Beaumont
USDC No. 1:98-CV-1942
--------------------
March 30, 2000

Before KING, Chief Judge, and WIENER and BARKSDALE, Circuit
Judges.

PER CURIAM:[*]

Clinton Boyd, Texas prisoner no. 543542, appeals the magistrate judge's dismissal, as frivolous, of his 42 U.S.C. § 1983 civil rights complaint. Boyd's motion for appointment of counsel is DENIED. See Cupit v. Jones, 835 F.2d 82, 86 (5th Cir. 1987). Boyd's motions to supplement the record are DENIED AS MOOT.

Boyd complains that Texas Department of Criminal Justice-Institutional Division (TDCJ-ID) employees denied him medically-

_____

   [*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

necessary snacks, repeatedly gave him an incorrect dosage of medicine, and gave him crushed, as opposed to whole, medication. These allegations show, at the most, negligence and do not rise to the level of a civil rights violation. See Varnado v. Lynaugh, 920 F.2d 320, 321 (5th Cir. 1991). Boyd's allegation that he received a light burn from contact that hot prison food made with his skin asserts only a *de minimis* physical injury, and the force used is not repugnant to the conscience of mankind, thus Boyd has no claim for § 1983 relief. See Siglar v. Hightower, 112 F.3d 191, 193 (5th Cir. 1997). Because Boyd's claims lack arguable basis in law or fact, the magistrate judge did not abuse his discretion in dismissing Boyd's claims as frivolous. See 28 U.S.C. § 1915(e)(2)(B)(i); Siglar, 112 F.3d at 193.

AFFIRMED.