IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

_____

No. 99-30577
Conference Calendar

_____

ROBERT DEEMER,

                                        Plaintiff-Appellant,

versus

KELLY WARD; BECKY MOSS; BRAD ROGERS;
LONNIE NAIL; FRANCIS RASPBERRY; TOMMY
GARRETT; RAY HANSON; SHERMAN POWELL;
ANNE BRYANT; STATE SELF INSURANCE FUND;
NOLAN SLACK; FRANK HAMMOND; DAVID THOMAS;
C.A. LEWIS; SARAH BILBERRY; MILLS,
Lieutenant; MARK FOSTER; MARY HAMILTON,

                                        Defendants-Appellees.

--------------------
Appeal from the United States District Court
for the Western District of Louisiana
USDC No. 98-CV-1322
--------------------
April 13, 2000

Before WIENER, DeMOSS, and PARKER, Circuit Judges.

PER CURIAM:[*]

Robert Deemer, Louisiana state prisoner #120219, appeals from the district court's dismissal of his civil rights suit as frivolous. He argues that the magistrate judge should have recused himself, that he was improperly convicted of an undefined

_____

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

prison disciplinary rule, and that he had been denied access to the courts. We have reviewed the record and find no reversible error. Deemer's claim that he was improperly convicted in a prison disciplinary proceeding is barred by <u>Heck v. Humphrey</u>, 512 U.S. 477 (1994), and is not cognizable in a 42 U.S.C. § 1983 proceeding. The district court did not abuse its discretion by dismissing Deemer's complaint as frivolous. <u>See</u> <u>Siglar v. Hightower</u>, 112 F.3d 191, 193 (5th Cir. 1997). Deemer's claims that he was denied access to the Administrative Remedy Procedure, that he had been denied privileges in extended lockdown, that his good-time credits had been improperly revoked, and that he had been deprived of his Scrabble game are not addressed by the court as these claims are deemed abandoned on appeal. <u>See</u> <u>Yohey v. Collins</u>, 985 F.2d 222, 225 (5th Cir. 1993). Accordingly, the judgment of the district court is AFFIRMED.