IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

_____

No. 99-30613
Conference Calendar

_____


JIMMY G. NIXON, SR.,

                                        Plaintiff-Appellant,

versus


KATHLEEN HAWK-SAWYER; JANET RENO; MIKE FLAGOR;
CARL CESTERLINE; N. L. CONNER; JAMES SMITH;
DARBY, Guard; RANDY HENDERSON; JOHN DOE (1-100);
MICHAEL GINSTER,

                                        Defendants-Appellees.


--------------------
Appeal from the United States District Court
for the Western District of Louisiana
USDC No. 98-CV-2212
--------------------
April 14, 2000

Before WIENER, DeMOSS, and PARKER, Circuit Judges.

PER CURIAM:[*]

    Jimmy Nixon, federal prisoner # 12863-116, appeals the

district court's dismissal of his Bivens[**] civil rights action as

frivolous.  Nixon argues that he was unjustly sanctioned with 15

_____

    [*]  Pursuant to 5TH CIR. R. 47.5, the court has determined
that this opinion should not be published and is not precedent
except under the limited circumstances set forth in 5TH CIR.
R. 47.5.4.

    [**] Bivens v. Six Unknown Named Agents of Fed. Bureau of
Narcotics, 403 U.S. 388 (1971).

days of phone and commissary restrictions for being found in a prison dormitory off limits to Nixon, that a prison paralegal failed to file Nixon's grievances, that the prison never addressed Nixon's grievances, that the prison paralegal lied to Nixon when the paralegal said that the incident report would be taken off Nixon's prison record, and that the paralegal's actions, as well as the actions of other defendants, constituted retaliation and harassment.

We review the district court's dismissal of Nixon's complaint as frivolous for an abuse of discretion. An in forma pauperis complaint may be dismissed as frivolous if it lacks an arguable basis in law or fact. See 28 U.S.C. § 1915(e)(2)(B)(i); Siglar v. Hightower, 112 F.3d 191, 193 (5th Cir. 1997). In order to state a civil rights action under Bivens, the plaintiff must show a constitutional violation. See Abate v. Southern Pacific Transp. Co., 993 F.2d 107, 110 (5th Cir. 1993).

Nixon has failed to show that any of his claims involved constitutional issues and that the district court abused its discretion by dismissing his complaint as frivolous. Furthermore, Nixon's appeal lacks arguable merit and is thus frivolous. See Howard v. King, 707 F.2d 215, 219-20 (5th Cir. 1983). The appeal is therefore DISMISSED. 5TH CIR. R. 42.2. The dismissal of this appeal as frivolous and the dismissal of his district court suit as frivolous count as two strikes for purposes of 28 U.S.C. § 1915(g). We caution Nixon that once he accumulates three strikes, he may not proceed in forma pauperis in any civil action or appeal filed while he is incarcerated or

detained in any facility unless he is under imminent danger of serious physical injury.  <u>See</u> 28 U.S.C. § 1915(g).  Nixon's motion for consolidation of cases is DENIED.

APPEAL DISMISSED AS FRIVOLOUS, MOTION DENIED, SANCTIONS WARNING ISSUED.