IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

———————————————

No. 00-10106
Summary Calendar

———————————————

GARY HATFIELD,

                                                    Plaintiff-Appellant,

versus

WAYNE SCOTT, Executive Director,
Texas Department of Criminal Division,
Institutional Division;
CAROLE KEETON RYLANDER,
Comptroller of Public Accounts,

                                                    Defendants-Appellees.

--------------------
Appeal from the United States District Court
for the Northern District of Texas
USDC No. 5:99-CV-200
--------------------
May 19, 2000

Before HIGGINBOTHAM, DeMOSS, and STEWART, Circuit Judges.

PER CURIAM:[*]

     Gary Hatfield, Texas prisoner # 795056, appeals the

dismissal of his 42 U.S.C. § 1983 action as frivolous pursuant to

28 U.S.C. § 1915(e)(2)(B)(i).  We review that dismissal for abuse

of discretion.  See Siglar v. Hightower, 112 F.3d 191, 193 (5th

Cir. 1997).

     We conclude that the dismissal of this action was an abuse

of discretion because the evidentiary bases of the district

---

     [*] Pursuant to 5TH CIR. R. 47.5, the court has determined
that this opinion should not be published and is not precedent
except under the limited circumstances set forth in 5TH CIR.
R. 47.5.4.

court's opinion – that the funds in Hatfield's inmate trust-fund account do not generate interest, and that his account there is voluntary – do not support the result. The statement in the Texas Department of Criminal Justice Offender Orientation Handbook that the trust fund does not pay interest is beside the point, for it begs the question pertinent to this inquiry: whether such accounts <u>earn</u> interest income.

Nor are we persuaded by the Texas Attorney General's Opinion because it antedates the passage of a Texas statute requiring that the assets held in inmate trust-fund accounts be deposited either in the general revenue fund of the state treasury, in trust with the comptroller, or in a local bank account on approval by the comptroller. <u>See</u> TEX. GOV'T CODE ANN. § 493.0082 (West 1999). Further discovery is necessary to ascertain whether the trust fund earns interest.

Finally, Hatfield has presented a viable argument as to whether the option of an outside account renders any loss of a property interest a voluntary one. Hatfield contends that he is not allowed to use funds in an outside account for any prison purpose. Depending on the expected length of Hatfield's incarceration and his ability to transfer funds from an outside account, opening an account in the "free world" might not be a genuine alternative to using the prison trust account.

VACATED AND REMANDED FOR FURTHER PROCEEDINGS.