IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

_____

No. 00-11057
Conference Calendar
_____

DARRIS D. TEEL,

Plaintiff-Appellant,

versus

NFN BURRESCIA, Physician's
Assistant; NFN JETER, Lieutenant,

Defendants-Appellees.

- - - - - - - - - -
Appeal from the United States District Court
for the Northern District of Texas
USDC No. 5:99-CV-217-BG
- - - - - - - - - -
February 13, 2001

Before SMITH, BARKSDALE, and EMILIO M. GARZA, Circuit Judges.

PER CURIAM:[*]

Darris D. Teel, Texas prisoner # 656908, appeals from the district court's dismissal of his in forma pauperis (IFP) civil rights complaint as frivolous pursuant to 28 U.S.C. §§ 1915(e)(2)(B) and 1915A(b)(1), and 42 U.S.C. § 1997e(c)(1)-(2). We have reviewed the record and Teel's appellate brief, and we discern no reversible error.

Because Teel was not refused any meals for the two-day period in question, Teel has not shown any deprivation of food

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

necessary to support his Eighth Amendment claim.  See Wilson v. Seiter, 501 U.S. 294, 298 (1991).  Moreover, any injury he suffered from his failure to eat the meals placed in his cell's food slot was de minimis.  See Siglar v. Hightower, 112 F.3d 191, 193 (5th Cir. 1997).  At most, Teel's allegations amount to mere negligence on the part of prison officials during the two-day period in question.  See Marsh v. Jones, 53 F.2d 707, 711-12 (5th Cir. 1995).  Accordingly, the judgment of the district court is AFFIRMED.  Because Teel has now accumulated "three strikes" under 28 U.S.C. § 1915(g), he may not proceed IFP in the district court or in this court in any civil actions while he remains in prison, unless he is in imminent danger of serious physical injury.

JUDGMENT AFFIRMED; SANCTION IMPOSED UNDER 28 U.S.C. § 1915(g).