IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

_____

No. 01-40554
Summary Calendar
_____


JOHN ANDERSON DEATON,

                              Plaintiff-Appellant,

                    versus

GARY JOHNSON, Director,
Individually and in official capacity;
R.A. TONY GARCIA, Warden,
Individually and in official capacity;
NOEL WINNERS, Access to Courts Supervisor,
Individually and in official capacity;
C.O. CHOATE, Mailroom Supervisor,
Individually and in official capacity;
TONY GREEN, Correctional Officer III,
Individually and in official capacity,

                              Defendants-Appellees.

--------------------
Appeal from the United States District Court
for the Eastern District of Texas
USDC No. 6:00-CV-539
--------------------
December 7, 2001
Before JONES, SMITH, and EMILIO M. GARZA, Circuit Judges.

PER CURIAM:[*]

    John Anderson Deaton, Texas prisoner # 453784, appeals
the magistrate judge's dismissal of his 42 U.S.C. § 1983 civil
rights action as frivolous and for failure to state a claim.  A
dismissal of a cause of action as frivolous under 28 U.S.C. §

    [*]  Pursuant to 5TH CIR. R. 47.5, the court has determined that this
opinion should not be published and is not precedent except under the limited
circumstances set forth in 5TH CIR. R. 47.5.4.

1915(e)(2)(B)(i) is reviewed for abuse of discretion, while a dismissal for failure to state a claim under 42 U.S.C. § 1915(e)(2)(B)(ii) receives *de novo* review.  Siglar v. Hightower, 112 F.3d 191, 193 (5th Cir. 1997); Black v. Warren, 134 F.3d 732, 733-34 (5th Cir. 1998).

On appeal, Deaton challenges the dismissal of his claims that defendant Choate violated the prison correspondence rules set forth in light of Guajardo v. Estelle, 580 F.2d 748 (5th Cir. 1978), and that defendants Garcia and Johnson failed to prevent the improper actions from occurring.[1]  The violation of a prison rule, without more, is insufficient to establish a constitutional claim. Hernandez v. Estelle, 788 F.2d 1154, 1158 (5th Cir. 1986). Likewise, a remedial decree does not create or enlarge constitutional rights, so Guajardo cannot form the basis for a constitutional challenge to mail room delays and losses.  See Green v. McKaskle, 788 F.2d 1116, 1123 (5th Cir. 1986).  His assertions of a First Amendment violation independent of the Guajardo rules are conclusional and cannot support a 42 U.S.C.  § 1983 claim. See Baker v. Putnal, 57 F.3d 190, 195 (5th Cir. 1996).

Deaton contends that the defendants returned his magazines as undeliverable to retaliate against him for filing grievances about the mail room and for lodging informal complaints against mail room employees.  A prison official may not retaliate against an inmate for using a prison grievance procedure.  See Gibbs v. King, 779 F.2d 1040, 1046 (5th Cir. 1986).  Deaton does

---

[1]  Defendants Green and Winners are not involved in Deaton's claims and were instead named in a cause of action filed by a coplaintiff, whose claims have been severed.

not, however, show direct evidence of retaliatory motivation or "a chronology of events from which retaliation may plausibly be inferred." Woods v. Smith, 60 F.3d 1161, 1166 (5th Cir. 1995) (internal quotation and citation omitted). Deaton's conclusional allegations of a retaliatory motive are insufficient to support a § 1983 claim. See Baker, 75 F.3d at 195. Deaton has failed to show that the magistrate judge erred in dismissing his claims as frivolous. Consequently, the decision below is **AFFIRMED**.