IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

_____

No. 01-20967
Summary Calendar

_____

WILLIE COWART,

                                        Plaintiff-Appellant,

        versus

GARY L. JOHNSON, DIRECTOR,
TEXAS DEPARTMENT OF CRIMINAL JUSTICE,
INSTITUTIONAL DIVISION;  WATKINS, Warden;
F. CHAMBLISS, Correctional Officer III;
MARGARET MOSLEY; WAYNE SCOTT,

                                        Defendants-Appellees.

_____

Appeal from the United States District Court
for the Southern District of Texas
USDC No. H-99-CV-4280

_____

June 11, 2002

Before GARWOOD, JONES, and STEWART, Circuit Judges.

PER CURIAM:[*]

        Willie Cowart, Texas prisoner #807478, appeals the dismissal

of his 42 U.S.C. § 1983 complaint under 28 U.S.C. §

1915(e)(2)(B)(i).  He asserts on appeal that the district court

erred in dismissing his complaint after failing to ask him whether

_____

[*]Pursuant to 5TH CIR. R. 47.5 the Court has determined that this
opinion should not be published and is not precedent except under
the limited circumstances set forth in 5TH CIR. R. 47.5.4.

defendant Golden Autry was an employee of the state, thereby rendering his actions "under color of state law" for 42 U.S.C. § 1983 purposes. However, in his pleadings below Cowart alleged under oath that Autry was an "inmate," with a TDCJ number, and never suggested before the district court, in any filing or at the *Spears* hearing, that Autry was an employee of the state. No error is shown. Moreover, even if Autry were a "state actor" under 42 U.S.C. § 1983, Cowart's failure to exhaust remedies against prison employees before proceeding in federal court constitutes a bar to his claims. *See Porter v. Nussle*, 122 S.Ct. 983, 990-92 (2002).

Cowart also asserts that the other defendants failed to supervise Autry, which led to the assault. Cowart has not asserted facts which support an inference of deliberate indifference on the part of those defendants. *See Smith v. Brenoettsy*, 158 F.3d 908, 911-12 (5th Cir. 1998).

Cowart has failed to challenge on appeal the district court's conclusions that his claim against defendant Mosley for inadequate medical care should be dismissed and that the claims against the defendants in their official capacities were barred by the Eleventh Amendment. These claims are therefore deemed abandoned. *Brinkman v. Dallas County Deputy Sheriff Abner*, 813 F.3d 744, 748 (5th Cir. 1987).

Cowart has not shown that the district court abused its discretion in dismissing his lawsuit as frivolous. *See Siglar v.*

2

*Hightower*, 112 F.3d 191, 193 (5th Cir. 1997).  Consequently, the judgment of the district court is

AFFIRMED.