IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

_____

No. 01-41086
Summary Calendar
_____

KENNETH MARSHALL JOHNSON,

                                    Plaintiff-Appellant,

versus

GARY JOHNSON, Warden; THOMAS PRASIFKA, Warden; ERNEST
GARCIA, Captain; Correctional Officer III #371072; NOWARD BELL;
JOSEPH RANDOLPH, Lieutenant, TDCJ-ID; KATHI S. CHAMBERLAIN,
Librarian II, TDCJ-ID,

                                    Defendants-Appellees.

- - - - - - - - - -
Appeal from the United States District Court
for the Southern District of Texas
USDC No. V-99-CV-2
- - - - - - - - - -
July 18, 2002

Before DAVIS, BENAVIDES, and CLEMENT, Circuit Judges

PER CURIAM:[*]

Kenneth Marshall Johnson, Texas prisoner #688601, appeals the

district court's dismissal of his civil rights suit as frivolous.

42 U.S.C. § 1983; 28 U.S.C. § 1915A.  Johnson has failed to

demonstrate that prison officials knew that his assigned work,

pulling weeds and sacking them, would aggravate his back or carpal

tunnel conditions.  See Jackson v. Cain, 864 F.2d 1235, 1245-46

_____

    [*]  Pursuant to 5TH CIR. R. 47.5, the court has determined
that this opinion should not be published and is not precedent
except under the limited circumstances set forth in 5TH CIR.
R. 47.5.4.

(5th Cir. 1989). The time restriction of four hours of work was not violated, and Dr. Adams testified that the work of which Johnson complains was consistent with the restrictions occasioned by his back problems. The district court did not abuse its discretion in dismissing Johnson's claim that his work assignment was violative of the restrictions occasioned by his back condition.

Johnson argues that this case should be remanded because no evidence was presented at the Spears hearing regarding his work restriction against the repetitive use of hands. Although there was no direct evidence presented upon this work restriction, Dr. Adams summarized Plaintiff's work restrictions and testified that pulling weeds would not violate his work restrictions. We may assume that Dr. Adams was familiar with Plaintiff's work restrictions and that he did not think that the restriction against the repetitive use of hands was relevant to pulling weeds. We accordingly find that the district court did not abuse its discretion in dismissing Johnson's claim that his work assignment was violative of the restrictions occasioned by his carpal tunnel condition.

Johnson's arguments that it was improper for the court to use prison records to counter his testimony, and that its focus on his credibility rather than on the plausibility of his claim was somehow erroneous, are frivolous. The court did not use medical records to refute Johnson's testimony. It relied on the testimony of Dr. Adams, who related Johnson's medical conditions and work

restrictions. The court's credibility determination was sufficiently limited in that it went on to detail the objective reasons for its dismissal of Johnson's retaliation claim. <u>See Norton v. Dimazana</u>, 122 F.3d 286, 292 (5th Cir. 1997). Johnson is not entitled to relief on this claim.

Johnson's argument that the court never reached a conclusion on his retaliation claims is frivolous. The district court specifically addressed his retaliation claims.

The district court did not abuse its discretion in dismissing Johnson's claim that his work assignment violated his work restrictions. The dismissal of that claim is hereby AFFIRMED. <u>See Siglar v. Hightower</u>, 112 F.3d 191, 193 (5th Cir. 1997); 28 U.S.C. § 1915A.

AFFIRMED.