United States Court of Appeals
Fifth Circuit

**F I L E D**

**June 24, 2003**

Charles R. Fulbruge III
Clerk

UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

_____

No.02-51170
SUMMARY CALENDAR
_____

JAMES EDWARD PRICE

Plaintiff - Appellant

v.

COUNTY COURT CLERK OF HILL COUNTY TEXAS, Individually and in
his/her official capacity

Defendant - Appellee

_____

On Appeal from the United States District Court for the
Western District of Texas, Waco Division
(W-02-CV-133)

_____

Before REYNALDO G. GARZA, HIGGINBOTHAM, and BENAVIDES, Circuit Judges.

PER CURIAM:[1]

   James Edward Price, federal prisoner # 82392-80, appeals the dismissal with prejudice of

his *in forma pauperis* ("IFP") 42 U.S.C. § 1983 suit. For the following reasons, we affirm the

decision of the district court.

I.

_____

   [1]Pursuant to 5th Cir. R. 47.5, the Court has determined that this opinion should not be
published and is not precedent except under the limited circumstances set forth in 5th Cir. R.
47.5.4.

-1-

The district court dismissed appellant's suit as frivolous after determining it was barred by *Heck v. Humphrey*, 512 U.S. 477 (1994). Price argues that his case is not barred by *Heck* because it concerns only the county clerk's dissemination of false information regarding a state conviction, rather than implicating the validity of his federal conviction or sentence. We review a district court's determination that an IFP suit is frivolous for an abuse of discretion. *See Siglar v. Hightower*, 112 F.3d 191, 193 (5th Cir. 1997).

## II.

Price cannot avoid the *Heck* bar by arguing that his cause of action is based solely on the dissemination of the allegedly false information because, to establish a 42 U.S.C. § 1983 defamation claim, Price must demonstrate "a stigma plus an infringement of some other interest." *San Jacinto Sav. & Loan v. Kacal*, 928 F.2d 697, 701 (5th Cir. 1991). The only mention of injury found in either Price's brief or his complaint is the use of the allegedly false information in his federal sentencing. Accordingly, Price's complaint implicitly challenges the duration of his confinement because, if the fact of his prior conviction was false, as he contends, that fact would render Price's federal sentence invalid. Therefore, under *Heck*, Price's argument that he was damaged by the dissemination of false information by the county must be barred, because he has not shown that his sentence "has been reversed on direct appeal, expunged by executive order, declared invalid by a state tribunal authorized to make such determination, or called into question by a federal court's issuance of a writ of habeas corpus." *See Heck*, 512 U.S. at 487.

## III.

For the foregoing reasons, the district court's decision to dismiss Price's complaint as frivolous because it is barred by *Heck* is AFFIRMED.