United States Court of Appeals
Fifth Circuit

**F I L E D**

**October 22, 2003**

Charles R. Fulbruge III
Clerk

IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

No. 03-30496
Conference Calendar

JERMAINE WILLIAMS,

                                        Plaintiff-Appellant,

versus

GARY COPES; DAVID VIATOR; RILEY, Major;
M. IVORY,

                                        Defendants-Appellees.

--------------------
Appeal from the United States District Court
for the Western District of Louisiana
USDC No. 02-CV-1075
--------------------

Before KING, Chief Judge, and JOLLY and STEWART, Circuit Judges.

PER CURIAM:*

      Jermaine Williams, Louisiana inmate # 366285, appeals the

dismissal of his civil rights suit, filed pursuant to 42 U.S.C.

§ 1983 as frivolous under 28 U.S.C. § 1915(e).  Williams fails to

show that the district court abused its discretion when it

dismissed his due process claims surrounding a disciplinary

hearing as frivolous because Williams lacked a liberty interest

in the punishment he received.  Siglar v. Hightower, 112 F.3d

_____

      * Pursuant to 5TH CIR. R. 47.5, the court has determined
that this opinion should not be published and is not precedent
except under the limited circumstances set forth in 5TH CIR.
R. 47.5.4.

191, 193 (5th Cir. 1997); Sandin v. Conner, 515 U.S. 472, 483-84 (1995); Madison v. Parker, 104 F.3d 765, 767 (5th Cir. 1997). Williams likewise fails to show that the district court abused its discretion when it dismissed his personal injury claim as frivolous inasmuch as allegations of negligence do not implicate the Constitution. Daniels v. Williams, 474 U.S. 327, 328 (1986); Salas v. Carpenter, 980 F.2d 299, 306-07 (5th Cir. 1992).

This appeal is without arguable merit. It should therefore be dismissed as frivolous. See Howard v. King, 707 F.2d 215, 219-20 (5th Cir. 1983); 5TH CIR. R. 42.2. The district court's dismissal of the instant case as frivolous and for failure to exhaust and this court's dismissal of Williams's appeal as frivolous count as two strikes against him for purposes of 28 U.S.C. § 1915(g). See Adepegba v. Hammons, 103 F.3d 383, 387-88 (5th Cir. 1996); 28 U.S.C. § 1915(e)(2)(B)(i). Therefore, Williams is WARNED that if he accumulates three "strikes" under 28 U.S.C. § 1915(g), he will not be able to proceed IFP in any civil action or appeal filed while he is incarcerated or detained in any facility unless he is under imminent danger of serious physical injury. See 28 U.S.C. § 1915(g).

AFFIRMED.