United States Court of Appeals
Fifth Circuit

**F I L E D**

**February 26, 2004**

Charles R. Fulbruge III
Clerk

IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

_____

No. 02-41596
Summary Calendar

_____

PIERRE L. DAVIS,

Plaintiff-Appellant-
Cross-Appellee,

versus

DEWAYNE CANNON, Warden at Bowie County Correctional Center; MARK
STEELE, Correctional Officer at Bowie County Correctional Center;
T. REED, Colonel, Correctional Officer at Bowie Correctional
Center; MICHAEL S. CAMPBELL, Correctional Officer at Bowie
Correctional Center,

Defendants-Appellees-
Cross-Appellants.

---------------------
Appeals from the United States District Court
for the Eastern District of Texas
USDC No. 5:00-CV-104
---------------------

Before JOLLY, WIENER, and PICKERING, Circuit Judges

PER CURIAM:[*]

Pierre L. Davis, Wisconsin prisoner No. 271136, appeals the

district court's judgment granting Defendants Dewayne Cannon,

Mark Steele, T. Reed, and Michael S. Campbell's motion for

summary judgment, denying his motion for summary judgment,

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined
that this opinion should not be published and is not precedent
except under the limited circumstances set forth in 5TH CIR.
R. 47.5.4.

dismissing his 42 U.S.C. § 1983 claims with prejudice, and dismissing his state law claims without prejudice.

Davis contends that genuine issues of material fact exist as to whether Steele violated his Eighth Amendment right to be free from cruel and unusual punishment when he sprayed him with a chemical agent. Davis has failed to show any genuine issue of material fact that Steele sprayed him with a chemical agent maliciously or sadistically to cause him harm rather than in a good faith effort to maintain or restore discipline, and not . See Baldwin v. Stalder, 137 F.3d 836, 840-41 (5th Cir. 1998). Therefore, this claim is without merit.

Davis contends that Reed and Campbell violated his Eighth Amendment right when they failed to intervene and protect him from Steele's excessive use of force. As Steele's actions did not constitute excessive force, Reed and Campbell are not liable for failing to intervene and protect Davis. Cf. Hale v. Townley, 45 F.3d 914, 919 (5th Cir. 1995).

Davis contends that Steele, Reed, and Campbell used excessive force when they forcefully threw him on the ground after Steele sprayed him with a chemical agent. Defendants' actions were a continuation of their good faith effort to maintain or restore discipline following Davis's repeated refusal to obey Steele's orders. Further, Davis did not allege any physical injury as a result of being thrown to the ground. Accordingly, this claim is without merit. See Baldwin, 137 F.3d

at 840-41; Siglar v. Hightower, 112 F. 3d 191, 193 (5th Cir. 1997).

Davis contends that genuine issues of material fact exist as to whether Steele, Reed, and Campbell's search of his cell amounted to calculated harassment unrelated to prison needs in violation of the Eighth Amendment. Davis's conclusional allegation that Defendants searched his cell because he was vocal and filed many grievances is insufficient to defeat summary judgment. See Woods v. Smith, 60 F.3d 1161, 1166 (5th Cir. 1995).

Davis contends that genuine issues of fact exist as to whether the defendants violated his Eighth Amendment rights when they subjected him to hazardous conditions and substances by returning him to the same cell where the chemical agent remained in the air. Davis has failed to show any genuine issue of material fact that the exposure was sufficiently serious or that the defendants acted with deliberate indifference to his health or safety. See Farmer v. Brennan, 511 U.S. 825, 834 (1994).

Davis does not specifically address the district court's decline to exercise supplemental jurisdiction over his state law claims. As he failed to brief this issue, he has abandoned any argument relating to the district court's dismissal of his state law claims without prejudice. See Yohey v. Collins, 985 F.2d 222, 224-25 (5th Cir. 1993).

Accordingly, the district court's judgment granting the defendants' motion for summary judgment, denying Plaintiff's motion for summary judgment, dismissing Plaintiff's 42 U.S.C. § 1983 claims with prejudice, and dismissing his state law claims without prejudice is AFFIRMED.