United States Court of Appeals
Fifth Circuit

**F I L E D**

**August 16, 2005**

Charles R. Fulbruge III
Clerk

IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

No. 05-40080
Summary Calendar

IAN DAVID SHEFFIELD,

Plaintiff-Appellant,

versus

G. TWADDLE; Captain B. REESE; J. BAKER; R. TRINCI,

Defendants-Appellees.

--------------------
Appeal from the United States District Court
for the Southern District of Texas
USDC No. 3:04-CV-317
--------------------

Before SMITH, GARZA, and PRADO, Circuit Judges.

PER CURIAM:[*]

Ian David Sheffield, Texas prisoner # 1130389, appeals the dismissal of his 42 U.S.C. § 1983 claim. The district court correctly dismissed Sheffield's Eighth Amendment claim, because Sheffield failed to allege more than a de minimis injury, which is necessary to support a claim of excessive force. See Siglar v. Hightower, 112 F.3d 191, 193 (5th Cir. 1997); 28 U.S.C. § 1915(e)(2)(B)(ii). The district court also properly dismissed Sheffield's claim that his due process rights were violated

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

during a disciplinary proceeding on the basis that such a claim may not be brought pursuant to 42 U.S.C. § 1983. See Clarke v. Stalder, 154 F.3d 186, 189 (5th Cir. 1998).

However, to the extent that Sheffield contends that he may bring a First Amendment claim that the disciplinary proceeding was brought in retaliation for his seeking to complain about Officer Twaddle's conduct, the dismissal was in error. See Woods v. Smith, 60 F.3d 1161, 1164 (5th Cir. 1995). Sheffield's complaint sufficiently alleges facts that support a claim that the filing of a disciplinary complaint against him was in retaliation for his seeking to complain about Officer Twaddle's conduct. See id. As we reverse the dismissal of the retaliation claim, we likewise reverse the dismissal of the supplemental state law claims. See 28 U.S.C. § 1367; City of Chicago v. International College of Surgeons, 522 U.S. 156, 164-65 (1997).

Accordingly, we AFFIRM the dismissal of Sheffield's Eighth Amendment excessive force claim and his claims that the procedures employed during the disciplinary hearing violated his due process rights. We REVERSE the dismissal of his claim for retaliation. Because we reverse the dismissal of the federal retaliation claim, we likewise reverse the dismissal of the state law claims. See Goodson v. City of Corpus Christi, 202 F.3d 730, 741 (5th Cir. 2000). We REMAND for further proceedings consistent with this opinion.

AFFIRMED IN PART, REVERSED IN PART, REMANDED.