IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

United States Court of Appeals
Fifth Circuit

**F I L E D**

September 16, 2008

Charles R. Fulbruge III
Clerk

No. 05-30834
Summary Calendar

CURTIS L PRUITT

Plaintiff-Appellant

v.

HARRIS HATCHET, RAYMOND SMITH, OFFICER HURLEY; UNKNOWN
DEFENDANTS; DUSTIN DUBROC; D PRUETT

Defendants-Appellees

Appeal from the United States District Court
for the Western District of Louisiana
USDC No. 1:03-CV-2221

Before SMITH, STEWART and SOUTHWICK, Circuit Judges.

PER CURIAM:[*]

Curtis L. Pruitt, federal prisoner # 21088-044, has filed a motion for leave to proceed in forma pauperis (IFP) on appeal from the district court's judgment dismissing his civil rights complaint and granting the defendants' summary-judgment motion. By moving for leave to proceed IFP, Pruitt is challenging the district court's certification that his appeal was not taken in good faith. See Baugh v. Taylor, 117 F.3d 197, 202 (5th Cir. 1997).

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

Pruitt argues that the district court failed to consider the merits of his claims. The record reflects that the district court considered at length Pruitt's claims of excessive force. He also argues that the district court failed to consider the merits of his written objections to summary judgment, which were dated July 11, 2005. There was no error, however, as those objections were not filed until the complaint had been dismissed and Pruitt's motion for reconsideration had been denied.

Pruitt contends that the district court erred in concluding that the defendants did not use unnecessary or unreasonable force because there was a genuine issue of material fact as to whether he offered any resistance to the guards. We review a district court's ruling on a motion for summary judgment de novo. Crowe v. Henry, 115 F.3d 294, 296 (5th Cir. 1997). In this case, summary judgment was appropriate because the summary-judgment evidence demonstrated that Pruitt was handcuffed during a shakedown of his cell. When Pruitt saw officer Raymond Smith handling his legal mail he yelled to Smith. Receiving no response, Pruitt broke away from Dustin Dubroc, the officer who was attending him, and began to move toward Smith. Although in his unsworn affidavit Pruitt denied having resisted Dubroc, he alleged in his complaint that he attempted to move closer to Smith despite the fact that Dubroc was physically restraining him. Pruitt was pushed to the ground, and officers held him down until additional restraints in the form of shackles were in place. Pruitt's characterization of his actions as peaceful and respectful does not negate the fact that he tried to walk away from the officer that was restraining him in order to approach Smith during the shakedown. He has not shown the existence of any genuine issue of material fact in this regard. The summary-judgment evidence supports the district court's finding that the use of force in this instance was not unnecessary or unreasonable. See Baldwin v. Stalder, 137 F.3d at 839, 841 (5th Cir. 1998).

Pruitt's argument that no injury is necessary to prevail on his excessive-force claims is frivolous. A valid Eighth Amendment claim for excessive use of force must be supported by a physical injury that is more than de minimis but that need not be significant. Siglar v. Hightower, 112 F.3d 191, 193 (5th Cir. 1997). The district court here acknowledged Pruitt's complaints of neck and back pain, but found that any injury sustained here was de minimis as there were not even any bruises or contusions.

Pruitt argues that he should have been allowed to present evidence after his case was dismissed but before the district court certified that his appeal was not taken in good faith. He also argues that the district court erred in denying his discovery motion. As that motion was directed to the district court and not to the defendants, there was no error. These arguments are frivolous.

Pruitt has failed to show that his appeal involves "legal points arguable on their merits (and therefore not frivolous)." Howard v. King, 707 F.2d 215, 220 (5th Cir. 1983) (internal quotation marks and citation omitted). His motion to proceed IFP on appeal is therefore denied, and the appeal is dismissed as frivolous. See Baugh, 117 F.3d at 202 & n.24; 5TH CIR. R. 42.2.

Our dismissal of this appeal as frivolous counts as a strike for purposes of 28 U.S.C. § 1915(g). See Adepegba v. Hammons, 103 F.3d 383, 385-87 (5th Cir. 1996). Pruitt has accumulated at least one other strike. See Pruitt v. Young, No. 2:05-cv-71438-VAR-WC (E.D. Mich. May 25, 2005) (IFP civil-rights complaint dismissed for failure to state a claim). Pruitt is warned that if he accumulates three strikes, he will be barred under § 1915(g) from proceeding IFP in any civil action or appeal while he is detained or incarcerated in any facility unless he is under imminent danger of serious physical injury. Pruitt should review any pending matters to insure that none is frivolous.

MOTION DENIED; APPEAL DISMISSED; SANCTION WARNING ISSUED.