# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

United States Court of Appeals
Fifth Circuit

**F I L E D**

April 13, 2009

Charles R. Fulbruge III
Clerk

No. 08-10815
Summary Calendar

ROBERT A BELL

Plaintiff-Appellant

v.

TOMMY NORWOOD; LAWTON FREDERICK TYSON; CHRISTINA MELTON
CRAIN; BECKY PRICE; Warden BRUCE ZELLER

Defendants-Appellees

Appeal from the United States District Court
for the Northern District of Texas
USDC No. 7:08-CV-69

Before WIENER, STEWART, and CLEMENT, Circuit Judges.

PER CURIAM:[*]

Robert A. Bell, Texas prisoner # 755528, filed the instant 42 U.S.C. § 1983 suit to seek redress for various wrongs. Bell contended that his rights were violated because he received no mail on Saturdays and because he was transported in vehicles that lacked seatbelts. He also alleged that another inmate violated his rights. The district court dismissed his suit as frivolous

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

under 28 U.S.C. § 1915(e)(2)(B)(i) and denied his request to proceed in forma pauperis (IFP) on appeal.

Bell argues that the district court abused its discretion by dismissing his claim concerning unsafe transportation. Bell does not present argument concerning the district court's determinations that his remaining claims were also meritless. Bell's failure to brief these issues results in an abandonment of these issues. *See Yohey v. Collins*, 985 F.2d 222, 224-25 (5th Cir. 1993).

Bell's "appeal involves legal points arguable on their merits (and therefore not frivolous)." *Howard v. King*, 707 F.2d 215, 220 (5th Cir. 1983) (internal quotation marks and citation omitted). Bell's motion for leave to proceed IFP is therefore GRANTED. *See Baugh v. Taylor*, 117 F.3d 197, 202 (5th Cir. 1997). We dispense, however, with further briefing in this appeal, and, for the reasons given below, affirm the district court's judgment.

Bell relies on *Helling v. McKinney*, 509 U.S. 25, 28 (1993), in support of his argument that the defendants breached his constitutional rights by transporting him in a vehicle that lacked seatbelts. Bell also contends that officials infringed his rights by failing to comply with TEX. GOV'T CODE § 500.006(a). Bell has not shown that the defendants infringed his constitutional rights by transporting him in vehicles that were not equipped with seatbelts. Consequently, he has not shown that the district court abused its discretion by dismissing his suit. *See Siglar v. Hightower*, 112 F.3d 191, 193 (5th Cir. 1997); *see also Resident Council v. United States Dep't of Hous. and Urban Dev.*, 980 F.2d 1043, 1050 (5th Cir. 1993). The judgment of the district court is AFFIRMED.