**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

————————

**No. 12-7836**

————————

LADARIUS M. CAMERON,

                Plaintiff - Appellant,

     v.

MR. BONNEY, Deputy,

                Defendant - Appellee.

————————

Appeal from the United States District Court for the Eastern District of Virginia, at Norfolk.   Mark S. Davis, District Judge.  (2:12-cv-00516-MSD-LRL)

————————

Submitted:  April 19, 2013        Decided:  April 30, 2013

————————

Before MOTZ, GREGORY, and SHEDD, Circuit Judges.

————————

Affirmed in part, vacated in part, and remanded by unpublished per curiam opinion.

————————

Ladarius M. Cameron, Appellant Pro Se.

————————

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM

Ladarius Cameron, a Virginia state prisoner, appeals the district court's order dismissing his 42 U.S.C. § 1983 (2006) complaint for failure to state a claim pursuant to 28 U.S.C. § 1915A(b)(1) (2006). Cameron's complaint detailed a confrontation with prison officials but failed to articulate specific constitutional violations. We affirm in part, vacate in part, and remand for further consideration.

We review de novo dismissals for failure to state a claim under § 1915A(b)(1), "applying the same standards as those for reviewing a dismissal under Fed. R. Civ. P. 12(b)(6)." De'Lonta v. Angelone, 708 F.3d 520, 524 (4th Cir. 2013). "The purpose of a Rule 12(b)(6) motion is to test the sufficiency of a complaint; importantly, a Rule 12(b)(6) motion does not resolve contests surrounding the facts, the merits of a claim, or the applicability of defenses." Edwards v. City of Goldsboro, 178 F.3d 231, 243 (4th Cir. 1999) (internal quotation marks and brackets omitted). As a result, to survive such a motion, a complaint's "[f]actual allegations must be enough to raise a right to relief above the speculative level" and have "enough facts to state a claim to relief that is plausible on its face." Bell Atl. Corp. v. Twombly, 550 U.S. 544, 570 (2007). "In assessing the complaint's plausibility, we accept

2

as true all the factual allegations contained therein." De'Lonta, 708 F.3d at 524.

To the extent that Cameron claimed constitutional violations arising from being forced to talk to an unwanted visitor, verbal abuse from prison officials, and the denial of access to a grievance form, the district court properly denied relief for failure to state a claim. See Siglar v. Hightower, 112 F.3d 191, 193 (5th Cir. 1997) (stating that mere "verbal abuse by a prison guard does not give rise to a cause of action under § 1983"), abrogated on other grounds by Wilkins v. Gaddy, 130 S. Ct. 1175 (2010); Adams v. Rice, 40 F.3d 72, 75 (4th Cir. 1994) ("[T]he Constitution creates no entitlement to grievance procedures or access to any such procedure."). We affirm this portion of the judgment.

On appeal, Cameron notes his complaint alleged, but the district court failed to address, that in escorting Cameron to his cell block, prison officials pushed him against a wall, slammed his face to the floor, and used a knee to prevent him from breathing. Moreover, Cameron seeks money damages to cover his resulting medical bill. Affording Cameron's contentions liberal construction, see Gordon v. Leake, 574 F.2d 1147, 1151 (4th Cir. 1978), Cameron asserted a plausible claim of excessive force in violation of his Eighth Amendment rights. See Williams v. Benjamin, 77 F.3d 756, 761 (4th Cir. 1996) (detailing

3

subjective and objective components to excessive force claims). Because the district court's opinion did not address this claim, we conclude that dismissal of Cameron's complaint under § 1915A was premature and that Cameron should have been afforded an opportunity to particularize his excessive force claim. Thus, we vacate and remand for the district court to address this issue.[*]

Accordingly, we affirm the district court's judgment in part, vacate the district court's judgment with respect to Cameron's excessive force claim, and remand for further proceedings. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before this court and argument would not aid the decisional process.

AFFIRMED IN PART;
VACATED IN PART;
AND REMANDED

---

[*] By this disposition, we do not suggest that Cameron's claim is meritorious. Rather, on this record, we conclude only that dismissal pursuant to § 1915A was inappropriate at this stage of the proceedings.