# United States Court of Appeals for the Fifth Circuit

————————

No. 23-50574

————————

Sara Herrera,

Plaintiff—Appellant,

*versus*

University Health Texas Vista Medical Center; Ethan D. Hinds; Melissa Johnnidis,

Defendants—Appellees.

———————————————————————

Appeal from the United States District Court
for the Western District of Texas
USDC No. 5:22-CV-1316

———————————————————————

United States Court of Appeals
Fifth Circuit

**FILED**

December 13, 2023

Lyle W. Cayce
Clerk

Before Jolly, Engelhardt, and Douglas, *Circuit Judges.*

Per Curiam:[*]

Sara Herrera appeals the dismissal of her civil rights claims and the denial of her motion to appoint counsel. On March 28, 2023, the district court adopted a magistrate judge's report and recommendation and dismissed Herrera's case as frivolous and for failing to state a claim under 28

————————————————

[*] This opinion is not designated for publication. *See* 5th Cir. R. 47.5.

No. 23-50574

§ 1915(e)(2)(B)(i) & (ii).[1]  ROA.135-36.  The district court consequently denied her motion for appointment of counsel as moot.  ROA.135-36.  Now on appeal, Herrera advances the same claims as she did below, namely that she was involuntarily committed to the defendant hospitals where she was misdiagnosed and generally given inadequate treatment.  She asserts that her claims are not frivolous.  Appellant's Br. at 26.

Regarding dismissal pursuant to 28 § 1915(e)(2)(B)(i), we review a determination by a district court that a case is frivolous for abuse of discretion.  *See Siglar v. Hightower*, 112 F.3d 191, 193 (5th Cir. 1997).  Under this highly deferential legal standard, "[a]n abuse of discretion exists only when there is definite and firm conviction that the court below committed clear error of judgment in the conclusion it reached upon a weighing of the relevant factors."  *Conkling v. Turner*, 18 F.3d 1285, 1293 (5th Cir. 1994) (internal quotation marks omitted).  A dismissal pursuant to 28 § 1915(e)(2)(B)(ii) warrants the same de novo standard as used to review dismissal pursuant to 12(b)(6).  *Black v. Warren*, 134 F.3d 732, 734 (5th Cir. 1998).

When adopting the magistrate judge's findings, the district court held that Herrera's bare assertions failed to state a federal claim that could satisfy its jurisdictional requirements.  ROA.122-28.  Now on appeal, in her merits brief, Herrera recites her district court arguments, but she does not argue or show how the dismissal of her complaint and denial of her motion for appointment of counsel denied her any legal or constitutional right to which she is arguably entitled.  Appellant's Br. at 28-30.

––––––––––––––––––––––––––––

[1] "[T]he court shall dismiss the case at any time if the court determines that…the action or appeal…is frivolous or malicious [or] fails to state a claim on which relief may be granted…"  28 U.S.C. § 1915.

No. 23-50574

We therefore hold that the district court judgment dismissing Herrera's complaint and request for counsel is in all respects

AFFIRMED.