# United States Court of Appeals
# for the Fifth Circuit

———————————

No. 23-50640
Summary Calendar

———————————

United States Court of Appeals
Fifth Circuit

**FILED**

December 28, 2023

Lyle W. Cayce
Clerk

Caroline S. Barnett,

*Plaintiff—Appellant*,

*versus*

Joseph Chacon, *Chief of Police*; Delia Garza, *County Prosecutor*; Andy Brown, *Executive Chief Judge*; Kirk Watson, *City of Austin Mayor*; Sylvester Turner, Mayor of Houston; Family of Crystal Ramirez; Madam Ruth Ann LNU; Amy Starnes, *Director of Public Affairs*; Blake Hawthorne, *Clerk of the Supreme Court of Texas*; The Hull Firm; Jesus Garza, *City Manager*; Jose Garza, *District Prosecutor*; HEB Corporate Management Group; Joe Weeden; Anderson Merchandisers, L.L.C.,

*Defendants—Appellees*.

———————————————————————

Appeal from the United States District Court
for the Western District of Texas
USDC No. 1:23-CV-831

———————————————————————

Before Higginbotham, Stewart, and Southwick, *Circuit Judges*.

Per Curiam:[*]

———————————————

[*] This opinion is not designated for publication. *See* 5th Cir. R. 47.5.

No. 23-50640

## I. Background

Caroline Sue Barnett, proceeding pro se, appeals the district court's order dismissing her 42 U.S.C. § 1983 civil rights complaint pursuant to 28 U.S.C. § 1915(e) on grounds that her complaint was entirely frivolous and lacked an arguable basis in law or fact to support a claim for relief.

In the proceedings below, Barnett asserted claims against numerous governmental and some nongovernmental defendants on grounds that they engaged in "aggressive harassment," "spreading gossip," "domestic violence" and "witchcraft." Her original complaint is difficult to understand and as the magistrate judge noted, encompasses allegations that are most accurately described as "delusional." As relief, she sought sums of 300 Billion, 600 Billion, and 1.7 Trillion dollars. A review of the district court's docket reveals that, after the magistrate judge rendered his report and recommendation to dismiss her suit under 28 U.S.C. § 1915(e), Barnett filed approximately fifty-three additional motions in a period of two weeks, including a "Motion to Stop Voodoo Torture." The district court construed Barnett's onslaught of motions as objections to the magistrate judge's report and recommendation and, consequently, conducted a de novo review of her claims. Thereafter, it adopted the magistrate judge's report and recommendation in full and dismissed Barnett's claims with prejudice. She filed this appeal.

## II. Discussion

On appeal, Barnett has submitted a two-page brief that is entirely nonsensical and devoid of a single legal argument or statutory or case citation. She again alleges that she is entitled to damages for "witchcraft" that has been "overlooked" and "covered" by "a judge." She asks this court for "[c]ase [r]eversal" to "prevent human rights violations against those who

2

requested to be released by the group and psychic." No responding brief has been filed.

A district court's dismissal of a complaint as frivolous under 28 U.S.C. § 1915(e) is reviewed for abuse of discretion. *See Rogers v. Boatright*, 709 F.3d 403, 406–07 (5th Cir. 2013). We will consider a complaint to be frivolous "if it lacks an arguable basis in law or fact." *Siglar v. Hightower*, 112 F.3d 191, 193 (5th Cir. 1997). "[A] court may dismiss a claim as factually frivolous only if the facts alleged are clearly baseless, a category encompassing allegations that are fanciful, fantastic, and delusional." *Denton v. Hernandez*, 504 U.S. 25, 32–33 (1992) (internal quotation marks and citation omitted). "As those words suggest, a finding of factual frivolousness is appropriate when the facts alleged rise to the level of the irrational or the wholly incredible[.]" *Id.* at 33.

After considering Barnett's brief on appeal, we affirm the district court's order dismissing her suit under 28 U.S.C. § 1915(e) because we agree that her claims are entirely frivolous, lacking an arguable basis in both law and fact. *See Siglar*, 112 F.3d at 193; *Denton*, 504 U.S. at 32–33.

## III. Conclusion

The district court's order dismissing Barnett's suit with prejudice is AFFIRMED.