United States Court of Appeals
Fifth Circuit

**F I L E D**

**October 24, 2006**

Charles R. Fulbruge III
Clerk

IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

_____

No. 05-50868
Conference Calendar

_____

MICHELLE ANDREW,

                                        Plaintiff-Appellant,

versus

STATE OF TEXAS; TEXAS DEPARTMENT OF CRIMINAL JUSTICE; JANIE
COCHRAN; ADAMS; TERESA MOYA; JENNIFER GRAVES, Lieutenant; SUZANNE
HENSON, Major; EARL N. HELMER, III; JACKIE SWEETWOOD, Sergeant;
JANET B. SHEDD; BARBARA CABANA; DAVID BENNET, Physician's
Assistant; ROBERT W. CATER, Dentist; MELISSA FORD, Sergeant;
NANCY HEYLIN, Sergeant; HELEN A. LIMMER; MELBA ELLISOR; MARSHA
VANRYN; KARYN S. SUTTON; RALPH H. TAYLOR; DORIS TIMMONS; ROBYNE
ROBERTS; CHRISTOPHER J. GOTT; JO A. SMITH; JENNIFER STRAWN; DORA
MURILLO; LETICIA AREY; HOWARD, Warden; MICHELLE FORBES; LINDA
HARWELL, Nurse Aide; MEG CLARK, Captain; GRIFFITH, Sergeant;
BEVERLY WILKINS, Captain; JOHN MEADOR, Office Of Internal
Greivance,

                                        Defendants-Appellees.

---------------------
Appeal from the United States District Court
for the Western District of Texas
USDC No. 6:04-CV-363
---------------------

Before JOLLY, DeMOSS, and STEWART, Circuit Judges.

PER CURIAM:[*]

        Proceeding pro se and in forma pauperis (IFP), Michelle

Andrew, Texas prisoner # 1087021, has filed a motion for leave to

proceed IFP to appeal the dismissal of her 42 U.S.C. § 1983

_____

        [*] Pursuant to 5TH CIR. R. 47.5, the court has determined that
this opinion should not be published and is not precedent except
under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

complaint as frivolous pursuant to 28 U.S.C. § 1915(e).  By moving for IFP in this court, Andrew is challenging the district court's certification that IFP status should not be granted because Andrew's appeal is not taken in good faith.  See Baugh v. Taylor, 117 F.3d 197, 202 (5th Cir. 1997).

The district court determined that Andrew's challenge to her conviction was barred by Heck v. Humphrey, 512 U.S. 477 (1994), and that Andrew's Eighth Amendment claims were based on delusional factual allegations.  Andrew does not brief any argument as to the dismissal of her claims based on Heck.  Accordingly, any such challenge Andrew could have raised in regards to this claim is deemed abandoned.  Yohey v. Collins, 985 F.2d 222, 224-25 (5th Cir. 1993).  Our review of the record convinces us that the district court's dismissal as frivolous of Andrew's Eighth Amendment claim was not an abuse of discretion.  See Siglar v. Hightower, 112 F.3d 191, 193 (5th Cir. 1997).

As Andrew's appeal is without any arguable merit, we dismiss it as frivolous.  See Howard v. King, 707 F.2d 215, 220 (5th Cir. 1983); 5TH CIR. R. 42.2.  We caution Andrew that the dismissal by the district court and the dismissal of this appeal as frivolous each count as a strike under § 1915(g).  See Adepegba v. Hammons, 103 F.3d 383, 385-87 (5th Cir. 1996).  If Andrew accumulates three strikes under § 1915(g), she will not be able to proceed IFP in any civil action or appeal filed while she is incarcerated

or detained in any facility unless she is under imminent danger of serious physical injury.  See § 1915(g).

MOTION FOR IFP DENIED; APPEAL DISMISSED; SANCTION WARNING ISSUED.